JOURNAL ENTRY and OPINION
Defendant-appellant Latakia Egler appeals from her conviction for theft (R.C. 2913.02) entered after a jury trial. She argues her conviction was based on insufficient evidence; was against the manifest weight of the evidence; and that the trial court erred in allowing evidence of other bad acts. We find no merit to the appeal and affirm.
Defendant was indicted on one count of theft. The indictment stated the property taken was over $500 and less than $5,000, thereby making it a felony of the fifth degree.
Defendant was a cashier at the Super Kmart located at 1200 Babbit Road in Euclid, Ohio during the summer and fall of 1999. During the months of June, July and August of 1999, the Super Kmart Loss Control Department noticed that the defendant's cash register had repeated substantial cash shortages. The department observed this through its routine review of the computer printouts from the various cash registers. The printouts indicated the number of customers who visited a particular register and the amount of the transaction and change due. This information was then used to balance the drawers at the end of the day.
Due to the several cash shortages on defendant's register, the department began surveillance of the defendant at her register by videotaping her transactions and auditing the computer printouts from her register.
On September 4, 1999, Timothy Cannon, a loss prevention officer at Super Kmart, observed a man approach the defendant's register with some clothing items. The man gave the defendant what appeared to be three twenty dollar bills. The defendant rang up the transaction and gave the man as change all of her fifty and hundred dollar bills from the left slot of her drawer. Cannon tried to apprehend the man before he left the store but was only able to get a partial license plate number.
Cannon immediately reported the incident to his supervisor, David George, who was the manager of the Loss Control Department. George immediately got the receipt from the transaction and discovered that the transaction was for $61.54 with no change due back. An accounting of the defendant's cash register revealed $1,500 was missing.
The jury found the defendant guilty as charged. The trial court sentenced the defendant to two years community control and ordered the defendant to pay Super Kmart restitution in the amount of $1,570.
Defendant timely appeals asserting three assignments of error. We will address the defendant's assignments of error in the order asserted and together where appropriate.
 I. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE BECAUSE THE APPELLEE FAILED TO PRESENT ANY EVIDENCE DEMONSTRATING THAT APPELLANT FACILITATED A THEFT BETWEEN $500.00 AND $5,000.00.
 II. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus:
 Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19, 23; State v. Davis (1988), 49 Ohio App.3d 109, 113. Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks(1991),61 Ohio St.3d 259, paragraph two of the syllabus, in which the Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)
When the argument is made that the conviction is against the manifest weight of the evidence, the appellate court is obliged to consider the weight of the evidence, not its mere legal sufficiency. The defendant has a heavy burden in overcoming the fact finder's verdict. As this court has stated:
 The weight to be given evidence and the credibility of witnesses are determinations to be made by the triers of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 24 O.O.3d 150, 434 N.E.2d 1356. If there was sufficient evidence for the triers of fact to find defendant guilty beyond a reasonable doubt this court will not reverse a guilty verdict based on manifest weight of the evidence.
 State v. Brown (1988), 38 Ohio St.3d 305, 528 N.E.2d 523, paragraph four of the syllabus, certiorari denied (1989), 489 U.S. 1040, 109 S.Ct. 1177, 103 L.Ed.2d 239.
State v. Rios (1991), 75 Ohio App.3d 288, 291. See, also, State v. Jenks (1991), 61 Ohio St.3d 259, 273.
Defendant argues that the State failed to produce evidence of the amount stolen because the videotaped transaction between the defendant and the man failed to show the amount of the currency the defendant gave to the man. We find that circumstantial evidence supports the jury's finding that the amount taken exceeded $500.
Evidence presented as to the elements of a crime may be direct or circumstantial. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of syllabus. Circumstantial evidence has the same probative value as direct evidence. Id. Inferences may be drawn from circumstantial evidence so long as one inference is not drawn wholly from another inference. State v. Jacks (1989), 63 Ohio App.3d 200, 206.
Timothy Cannon witnessed the transaction and testified that the defendant gave the man the money that was located on the left side of the drawer which is where the fifty and hundred dollar bills are kept. The records from that transaction indicated that the man paid the defendant the exact amount of $61.54 and was not due change back. David George testified that the defendant's cash register was $1,500 short on the day the videotape depicted her handing the money over to the man in the tape. Although it is a common occurrence for cash registers to be short of cash, usually the amounts are not so substantial. The average shortage usually ranges from a few pennies to a couple of dollars. (TR. 42).
All of this evidence considered together provides enough circumstantial evidence that the amount the defendant gave the man exceeded $500.
Defendant's first and second assignments of error are overruled.
 III. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION IN LIMINE CONCERNING OTHER BAD ACTS OF APPELLANT BECAUSE THE PROBATIVE VALUE OF SUCH EVIDENCE WAS SUBSTANTIALLY OUTWEIGHED BY ITS PREJUDICIAL EFFECT ON THE JURY.
Defendant argues the trial court erred in permitting the State to present evidence of three other occasions in August that the defendant's cash register was short of cash. Defendant argues the probative value of this evidence was outweighed by the prejudicial effect.
Evid.R. 404(B) reads as follows:
(B) Other crimes, wrongs or acts.
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
R.C. 2945.59 states:
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part or the appellant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
In the instant case, the fact that defendant's cash register was short of significant amounts of cash on three prior occasions showed a scheme or plan regarding the theft of the $1,500 and that the shortage was not a mistake or accident on defendant's part. Since these are exceptions to the inadmissibility of other bad act evidence, the trial court did not err in allowing the evidence.
Defendant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ COLLEEN CONWAY COONEY, J.