OPINION
This is a consolidated appeal from the Stark County Court of Common Pleas, Family Division, granting permanent custody of Randy Bennett and Carrie Bennett, minor children of Carolyn Bennett and Randy Bennett, to the Stark County Department of Jobs and Family Services (SCDJFS) pursuant to a Complaint for Permanent Custody.
The evidence presented indicates Randy was born 4/16/93 and Carrie's birth date as 8/29/94.
The history of SCDJFS's involvement with the Bennett children indicates that it began back in 1996.
On December 9, 1998, the children were found to be neglected and were removed from the home due to bodily dirt and lice.
On February 3, 1999, the children were found to be dependent by the Court and both children were placed into temporary custody with SCDJFS.
A number of motions for extensions of temporary custody to the referenced agency were filed and granted while the agency attempted reunification.
On July 7, 2000, the children were returned to the parents with an extension of protective supervision.
On September 27, 2000, a Motion for Immediate Review requesting the children be placed in temporary custody with SCDJFS was filed.
On November 28, 2000, a Motion for Permanent custody was filed and an evidentiary hearing was held on January 22, 2001.
A case plan was established in an attempt to reunite the family. Carolyn Bennett attempted to comply with parenting classes.
Even after these classes, she was unable to follow through. Her husband, Randy Bennett, also lacked parental ability.
Both parents are of limited capabilities from an intelligence standpoint.
In addition to the absence of cleanliness, the children were undisciplined, used obscene language, were left without supervision and placed physically at risk.
The guardian ad litem recommended the granting of permanent custody to SCDJFS as requested.
On January 31, 2001, the trial court granted SCDJFS's Motion for Permanent Custody of the Bennett children
Appellants timely appealed the trial court's Judgment Entry, raising the following Assignments of Error:
 ASSIGNMENTS OF ERROR — MOTHER I. THE JUDGMENT OF THE TRIAL COURT THAT APPELLANT HAS FAILED CONTINUOUSLY AND REPEATEDLY TO REMEDY THE CONDITIONS CAUSING THE BENNETT CHILDREN TO BE REMOVED FROM THEIR HOME IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II. THE TRIAL COURT'S FINDING THAT THE BEST INTERESTS OF THE BENNETT CHILDREN WOULD BE SERVED BY A GRANTING OF PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES IS CONTRARY TO LAW.
 ASSIGNMENTS OF ERROR — FATHER I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING PERMANENT CUSTODY TO THE DEPARTMENT OF JOB AND FAMILY SERVICES WHEN THERE WAS NO CLEAR AND CONVINCING EVIDENCE TO SUPPORT SUCH A FINDING.
 II. THE DEPARTMENT FAILED TO ENGAGE IN "A GOOD FAITH DILIGENT EFFORT FOR REASONABLE CASE PLANNING" AS TO APPELLANTS' CASE.
 I. (MOTHER)
As to the First Assignment of Error, appellant contends that the trial court's decision that appellant failed continuously and repeatedly to remedy the conditions, causing the Bennett children to be removed from the home is against the manifest weight and sufficiency of the evidence. We disagree.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
The weight to be given the evidence introduced at trial and the credibility of the witnesses are primarily for the trier of fact to determine. State v. Thomas (1982), 70 Ohio St.2d 79, syllabus.
The trial court specifically found that the appellants have failed continuously and repeatedly to remedy the problems that initially caused the childrens' placement. The evidence showed that the mother had taken Goodwill Parenting twice and but still did not have the capacity to carry out that training. Additional testimony showed that neither parent could effectively discipline the children.
The court further found that the parents were unable to provide an adequate permanent home for the children.
Upon review of the record in this matter, we find that there was competent, credible evidence upon which the court could base its decision and that said decision was not against the sufficiency nor the manifest weight of the evidence.
 Appellant's Assignment of Error I. is overruled. II. (Mother) and I., II. (Father)
Appellants argue that the trial court erred in finding that it was in the best interests of the children in awarding permanent custody to SCDJFS and that SCDJFS filed to engage in a good faith, diligent effort for reasonable case planning in this matter. We disagree.
A trial court may grant permanent custody of a child to an agency if the trial court determines that the child cannot be place with either parent within a reasonable time or should not be placed with either parent and determines that the permanent commitment is in the child's best interest. R.C. § 2151.414(B)(1)(a).
In determining whether a child cannot or should not be placed with either parent, the trial court is to determine if one or more of the criteria listed in R.C. § 2151.414(E) were proven by clear and convincing evidence. In relevant part, the criteria include the following:
 (B) The Court may grant permanent custody of a child to a movant if the court determines at the hearing . . ., by clear and convincing evidence that, it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents;
 (2) The child is abandoned and the parents cannot be located;
 (3) The child is orphaned and there are no relatives of the child who are able to take permanent custody;
 (C) In making the determinations required by this section or division (A)(4) of section 2152.353 of the Revised Code, a court shall not consider the effect the granting of permanent custody to the agency would have upon any parent of the child. A written report of the guardian ad litem of the child shall be submitted to the court prior to or at the time of the hearing held pursuant to division (A) of this section or section 2151.35 of the Revised Code but shall not be submitted under oath.
* * *
 (D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The reasonable probability of the child being adopted, whether an adoptive placement would positively benefit the child, and whether a grant of permanent custody would facilitate an adoption;
* * *
 (5) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
 (E) In determining at a hearing held pursuant to division (A) of this section or for purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either of his parents within a reasonable period of time or should not be placed with his parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents:
 (1) Following the placement of the child outside his home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly for a period of six months or more to substantially remedy those conditions causing the child to be placed outside his home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purposes of changing parental conduct to allow them to resume and maintain parental duties.
 (2) The severe and chronic mental illness, severe and chronic emotional illness, severe mental retardation, severe physical disability, or chemical dependency of the parent makes the parent unable to provide an adequate permanent home for the child at the present time in the forseeable future;
At the January 22, 2001, hearing, sufficient competent, credible evidence was adduced to support the grant of permanent custody of the children.
Although appellants were able to make partial progress towards the case plan, the fact that the mother, Carolyn Bennett, substantially complied with attendance at parenting classes is insufficient, if no progress was made, as the best interests of the children is paramount.
This Court has upheld permanent custody findings despite evidence in the record of partial progress. In re: Mauzy Children (Nov. 13, 2000), Stark App. No. 2000CA00244, unreported, 2000WL1700073 (citing In re: Bunting children (Oct. 13, 1998), Stark App. No. 97CA0381, unreported.
We have reviewed the record on appeal, and we find that there was competent, credible evidence upon which the court could base its decision and that such findings are supported by clear and convincing evidence and are not against the sufficiency nor the manifest weight of the evidence.
Assignment of Error II. (Mother) and Assignments of Error I., II.(Father) are denied.
The decision of the trial court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.
Boggins, J., Farmer, P.J., and Wise, J., concur.