JOURNAL ENTRY and OPINION
Defendant-appellant Lester Hines appeals from his convictions for drug trafficking (R.C. 2925.03) and possession of criminal tools (R.C. 2923.24) entered after a bench trial. He argues that his convictions were against the manifest weight of the evidence and were not supported by sufficient evidence. We find no merit to the appeal and affirm.
The evidence presented at trial was as follows.
On January 7, 2000, around noon, Officer Jones and his partner Officer Byrd were patrolling the area of East 105th Street as a result of numerous complaints regarding drug trafficking. The officers spotted Lester Hines sitting in the driver's seat of a station wagon. His car door was open and he was engaged in a conversation with a male standing by the open door. The officers then saw what appeared to them to be a hand-to-hand drug transaction.
The officers approached the vehicle, and the unidentified male who was standing outside the car ran. Hines attempted to drive away, but the officers blocked the car with their patrol car and then got out to investigate. They saw that a male sitting in the front passenger seat, Darrell Brown, was holding a cigar shell partially filled with marijuana. Hines and Brown both told the officers that all that they were doing was rolling a little blunt.
The officers removed Brown from the vehicle and found twenty-five packages of marijuana on his person. The officers also removed the back seat passenger, Kelvin Doss, as he was making furtive gestures. The officers found four rocks of cocaine and additional packages of marijuana on Doss.
Hines was also removed from the vehicle. A search of his person revealed no drugs, but he had $2,705 in currency crumpled and jammed into his pockets. According to Officer Jones, the fact that the money was crumpled and jammed into Hines' pockets was consistent with drug activity because a dealer sticks the money into his pockets quickly. Hines also had a pager and a cell phone.
As the officers were preparing to leave the scene with the suspects, the unidentified man who had been standing by Hines' car door returned. Officer Jones approached the man and questioned him. Officer Jones testified that based on what the man told him, I believed, beyond a shadow of a doubt that he had just purchased a bag of marijuana from Mr. Lester Hines. (Tr. at 28). The officers did not arrest the unidentified male.
Once the suspects were taken back to police headquarters, their cell phones, pagers, and money were confiscated as criminal tools. As the evidence was being inventoried, Hines' pager went off. Officer Jones called the number on the pager and a man answered. Officer Jones identified himself as Les Hines and the man indicated that he wanted to purchase four large rocks of cocaine.
The passengers in the car testified in Hines' defense. Brown testified that he, Hines, and Doss were all going to Doss' girlfriend's house. He stated that he left the car to relieve himself and, when he got back in, a man in a silver coat approached the passenger side of the car and asked them if they wanted to purchase some marijuana. Brown told the man he had his own marijuana and the man walked away. While Brown was rolling a joint, the officers approached. Doss testified and corroborated Brown's testimony.
The trial court found Hines guilty as charged and he was sentenced to eight months on each of the two counts, to run concurrently.
Hines' sole assignment of error is as follows.
 I. APPELLANTS (SIC) CONVICTIONS ARE NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE AND THE EVIDENCE PRESENTED WAS INSUFFICIENT TO SUSTAIN THE CONVICTIONS.
When the argument is made that the conviction is against the manifest weight of the evidence, the appellate court is obliged to consider the weight of the evidence, not its mere legal sufficiency. The defendant has a heavy burden in overcoming the fact finder's verdict. As this court has stated:
 The weight to be given evidence and the credibility of the witnesses are determinations to be made by the triers of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 24 Ohio Op.3d 150, 434 N.E.2d 1356. If there was sufficient evidence for the triers of fact to find defendant guilty beyond a reasonable doubt this court will not reverse a guilty verdict based on manifest weight of the evidence. State v. Brown (1988), 38 Ohio St.3d 305, 528 N.E.2d 523, paragraph four of the syllabus, certiorari denied (1989), 489 U.S. 1040, 109 S.Ct. 1177, 103 L.Ed.2d 239.
State v. Rios (1991), 75 Ohio App.3d 288, 291, 599 N.E.2d 374. See, also, State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 194, syllabus.
 Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
See, also State v. Apanovitch (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394; State v. Davis (1988), 49 Ohio App.3d 109, 113, 550 N.E.2d 966. Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, in which the Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560
followed.)
Hines argues that his convictions were against the manifest weight of the evidence and not supported by sufficient evidence because there was no evidence that that he constructively possessed the contraband found on the other passengers in the car. He also argues there was no evidence presented that he possessed the motor vehicle, money or pager for the criminal purpose of drug trafficking.
Hines was found guilty of drug trafficking and not possession. The elements of drug trafficking as set forth in R.C. 2925.03(A) are as follows:
 (A) No person shall knowingly sell or offer to sell a controlled substance.
The evidence presented at trial was sufficient to support Hines' conviction on drug trafficking. Both officers testified that they witnessed Hines conduct a hand-to-hand drug transaction with an unidentified man. The unidentified man later returned to the scene and admitted to Officer Jones that he had just purchased marijuana from Hines.
The possession of criminal tools conviction was also supported by sufficient evidence. Not only had the officers witnessed Hines conduct a drug transaction from the car, but during the inventory of the evidence, Hines' pager went off. Officer Jones testified that he called the number on the pager and identified himself as Hines. The male caller stated that he wished to purchase four rocks of cocaine and would meet Hines at East 108th Street.
Officer Jones also testified that the large amount of cash found in Hines' pocket was consistent with drug dealing because it was crumpled and stuffed into Hines' pockets. According to Jones, drug dealers quickly stuff money received from drug transactions into their pockets.
Based on the above, there was sufficient evidence in support of Hines' convictions and the convictions were not against the manifest weight of the evidence. Accordingly, Hines' sole assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and ANN DYKE, J., CONCUR