[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule the first assignment of error. We are unable to conclude that the imposition upon the appellant of the maximum, rather than the minimum, authorized term of confinement was either contrary to law or unsupported by the evidence, when the record of the proceedings below demonstrates the trial court's compliance with the controlling sentencing provisions and discloses an adequate evidentiary fundament for each of the court's findings. See R.C. 2929.14(B), 2929.14(C), 2929.19(B)(2)(d), 2953.08(A)(1), 2953.08(A)(4) and 2953.08(G)(2).
We also overrule the second assignment of error, because, upon the evidence adduced at trial, reasonable minds could have reached different conclusions as to whether each element of the offense of robbery had been proved beyond a reasonable doubt, see State v. Thomas (1982),70 Ohio St.2d 79, 434 N.E.2d 1356, and because we find nothing in the record of the proceedings below to suggest that the jury, in resolving the conflicts in the evidence, lost its way or created such a manifest miscarriage of justice as to warrant the reversal of the appellant's conviction. See Tibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211;State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717.
We do not reach the merits of the third assignment of error. We are without jurisdiction over the challenge advanced therein to the sentence of confinement imposed upon the appellant's violation of the community-control sanction in the case numbered B-9700338, because the cause before us, under the appeal numbered C-010264, was taken only from the judgment of conviction for robbery entered in the case numbered B-0008648. See App.R. 3(A).
We, therefore, affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.