[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
{¶ 2} Defendant-appellant Nathaniel Richardson appeals from the judgment of the trial court convicting him of murder and an accompanying gun specification. In three assignments of error, Richardson argues that the trial court erred by (1) finding him guilty of murder where the weight of the evidence demonstrated that he was not guilty by reason of insanity; (2) finding him guilty of murder and sentencing him to a life term in prison in violation of the prohibition against cruel and unusual punishment in the Eighth Amendment to the United States Constitution; and (3) denying him the right to be tried by an impartial and neutral judge as mandated by the United States and Ohio Constitutions.
{¶ 3} The evidence presented at trial demonstrated that Richardson was in a small grocery store when the victim asked him for a quarter. When Richardson refused, the victim began to curse at him. Richardson left the store momentarily. When Richardson re-entered the store, the victim's back was turned toward him as Richardson walked past him. Richardson then turned and approached the victim from behind, drew his gun, and shot the victim in the back of the head.
{¶ 4} In his first assignment of error, Richardson argues that the trial court erred by finding him guilty of murder because the weight of the evidence presented at trial revealed that he was not guilty by reason of insanity. In considering a manifest-weight claim, "`the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'"[1]
{¶ 5} The defense of not guilty by reason of insanity is an affirmative defense that must be proved by the defendant by a preponderance of the evidence.[2] A person is not guilty by reason of insanity only if the person proves "that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts."[3]
{¶ 6} In this case, the experts for the state and the defense testified that Richardson was suffering from a severe mental disease or defect at the time of the offense. But the experts disagreed about Richardson's knowledge of the wrongfulness of his acts at the time.
{¶ 7} On behalf of the state, James R. Hawkins, M.D., testified that, in his opinion, Richardson was aware of the wrongfulness of his actions and that shooting the victim was wrong. Dr. Hawkins testified that he based his opinion on the fact that Richardson had managed his delusional beliefs for years, using relatively appropriate measures. Dr. Hawkins also based his opinion on the facts of the offense. He noted that, just before the shooting, Richardson had not responded to the victim's profanities. Instead, Richardson left the store and then returned and calmly shot the victim. Following the shooting, Richardson turned his two guns over to a security guard in his apartment building and called the police to turn himself in.
{¶ 8} David Chiappone, Ph.D., testifying for the defense, opined that Richardson's severe mental defect had kept him from knowing right from wrong at the time of the offense. Dr. Chiappone testified that Richardson's delusions made him feel threatened by the victim and that he thought that the victim was going to kill him.
{¶ 9} The trial court accepted Dr. Hawkins's testimony that Richardson was aware of the wrongfulness of his actions at the time of the offense. "The weight to be given the evidence and the credibility of the witnesses concerning the establishment of the defense of insanity in a criminal proceeding are primarily for the trier of the facts."[4] We cannot say that the trial court lost its way in finding that Richardson had failed to overcome the presumption of his sanity by a preponderance of the evidence.[5] We overrule Richardson's first assignment of error.
{¶ 10} In his second assignment of error, Richardson claims that the trial court's guilty finding and prison sentence violated the prohibition against cruel and unusual punishment in the Eighth Amendment to the United States Constitution, as well as the Due Process Clause of the Fourteenth Amendment. The trial court sentenced Richardson to a mandatory prison term of fifteen years to life for murder, as required by R.C. 2929.02. Richardson argues that he should not have been held criminally liable because he was incapable of following the law. But Richardson failed to prove at trial by a preponderance of the evidence that he was not guilty by reason of insanity. Moreover, the trial court's sentence was "within the limits provided by law, and resultantly, not unconstitutional as being cruel and unusual punishment."[6] We overrule the second assignment of error.
{¶ 11} In the third assignment of error, Richardson argues that the trial court erred to his prejudice by departing from its role as a neutral factfinder when the court answered questions that were posed to a witness. Our review of the record indicates that the trial court's isolated comments were in response to questions that the court properly determined to be irrelevant. As the trial court pointed out, the case was tried to the bench so there was no jury to be affected by its comments. Because Richardson has failed to demonstrate that he was prejudiced by the court's actions, we overrule the third assignment of error.
{¶ 12} Therefore, the judgment of the trial court is affirmed.
{¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.
[1] State v. Braden, 98 Ohio St.3d 354, 363, 2003-Ohio-1325,785 N.E.2d 439, at ¶ 54, quoting State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541; State v. Martin
(1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717; State v. Lindsey,87 Ohio St.3d 479, 483, 2000-Ohio-465, 721 N.E.2d 995.
[2] See State v. Taylor, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, at ¶ 64; State v. Filiaggi, 86 Ohio St.3d 230, 242, 1999-Ohio-99,714 N.E.2d 867, citing State v. Brown (1983), 5 Ohio St.3d 133,449 N.E.2d 449.
[3] R.C. 2901.01(A)(14). See, also, State v. Filiaggi, supra, at 242,1999-Ohio-99, 714 N.E.2d 867.
[4] State v. Thomas (1982), 70 Ohio St.2d 79, 434 N.E.2d 1356, syllabus; State v. Curry (1989), 45 Ohio St.3d 109, 543 N.E.2d 1228.
[5] State v. Curry, supra, at 115, 543 N.E.2d 1228. See, also,State v. Buckingham, 2nd Dist. No. 19205, 2003-Ohio-44; State v.Howard, 12th Dist. No. CA83-07-048, 2002-Ohio-3893
[6] State v. Jones (Dec. 17, 1999), 1st Dist. Nos. C-981007 and C-981008, citing McDougle v. Maxwell (1964), 1 Ohio St.2d 68,203 N.E.2d 334; State v. Tull (Feb. 22, 1984), 1st Dist. No. C-830355.