DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, Juvenile Division, which adjudicated appellant a delinquent child in violation of R.C. 2913.02(A)(1). For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant Travis H. sets forth the following two assignments of error:
 {¶ 3} "Assignment of Error #1: The trial court erred to the prejudice of the defendant-appellant by finding the alleged delinquent child delinquent beyond a reasonable doubt against the manifest weight of the evidence produced at trial.
 {¶ 4} "Assignment of Error #2: The trial court erred to the prejudice of the defendant-appellant by finding the alleged delinquent child delinquent beyond a reasonable doubt without properly weighing the state's chief witness's testimony under O.R.C. Section 2923.03(D) (Complicity)."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On June 16, 2004, Travis H. and Ryan B. encountered Carrie B. at a local gas station in Willard, Ohio. Carrie B. was driving her motor vehicle, while the boys were on foot. Travis H. solicited a ride from Carrie B. to his house. Travis H. advised Carrie B. that he would like a ride to the Quail Creek area so they could sell Ryan B.'s DVD player. Carrie B. drove Travis H. and Ryan B. to Quail Creek and the DVD player was sold for $20. Carrie B. next drove the trio back into Willard, Ohio where Travis H. solicited an adult to purchase beer for him. After Travis H. received a case of Bud light beer from the unknown adult, Carrie B. drove the trio to an apartment in Plymouth, Ohio. A friend of Travis H. resided at the apartment. All of the juveniles consumed beer at the apartment.
 {¶ 6} The trio left the apartment and drove towards Bellevue, Ohio. While en route to Bellevue, Carrie B. stopped her vehicle and asked Travis H. to drive. Travis H. agreed and drove the group to the home of their cousin in Bellevue, Ohio. They continued to drink beer at their cousin's house. They later left with Travis H. driving Carrie B.'s vehicle. They drove to Norwalk, Ohio. Once in Norwalk, Travis H. and Ryan B. left the vehicle for a period of time. When they returned, Ryan was carrying a portable CD player with headphones. Travis H. drove the car a few blocks further, stopped the car, and he and Ryan B. exited the vehicle and walked away on foot. Carrie B. stayed in the car.
 {¶ 7} When the boys returned, they were no longer on foot. Travis H. was driving a black pickup truck. Ryan B. was seated in the passenger's seat. They asked Carrie B. to follow them in her vehicle back to Willard, Ohio. When turning the vehicles around, the vehicles collided. Carrie B. stayed with her vehicle and awaited the arrival of the police. The truck, occupied by Travis H. and Ryan B., fled the scene and was abandoned. The truck was recovered by the Norwalk police. It was later determined that the truck driven by Travis H. had been stolen from its owner, Jose Dominguez.
 {¶ 8} After recovery of the truck, it was verified that the damages were consistent with the damage sustained by Carrie B.'s vehicle. Carrie B. was charged with DUI. Travis H. was charged with reckless operation and felony theft of a motor vehicle. An adjudicatory hearing was ultimately held. Travis H. was adjudicated delinquent in violation of R.C. 2913.02, one count of felony theft of a motor vehicle.
 {¶ 9} The adjudicatory hearing concluded on November 8, 2004. The judgment of delinquency was issued on November 15, 2004. Dispositional hearing was held on December 2, 2004. Appellant filed a timely notice of appeal.
 {¶ 10} In his first assignment of error, appellant asserts the trial court erred in adjudicating appellant delinquent against the manifest weight of the evidence. We must review a trial court's delinquency adjudication under the same standard of review applicable to adult criminal convictions similarly alleged to be against the manifest weight of the evidence. In the matter of: Steven C., 6th Dist. No. E-03-052, 2004-Ohio6-313, at ¶ 6. The reviewing court must examine the entire record, weigh the evidence, consider witness credibility, and be mindful that witness credibility is an issue for the trier-of-fact to resolve.State v. Thomas (1982), 70 Ohio St.2d 79, 80. The trial court is reversed only if it appears it "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d at 387, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 11} We will first consider appellant's assertion that the adjudication of delinquency was against the manifest weight of the evidence. Only if our examination of the record reveals the trier-of-fact clearly lost its way so as to create a manifest miscarriage of justice will the adjudication be reversed.
 {¶ 12} R.C. 2913.02, theft, provides in relevant part as follows:
 {¶ 13} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 14} "(1) Without the consent of the owner or person authorized to give consent;"
 {¶ 15} In support of his first assignment of error, appellant asserts that witness Carrie B.'s testimony was full of "inconsistencies, admitted fabrications, and self-serving statements." This court has thoroughly reviewed the entire record from below and disagrees with appellant's characterizations of the testimony of witness Carrie B.
 {¶ 16} The cross-examination testimony of Carrie B. reveals a barrage of questions posed to her clearly designed to eliminate the credibility of witness Carrie B. However, the responses by Carrie B. demonstrate that although she undoubtedly exercised poor judgment during these events, her testimony regarding the actions of Travis H. was forthright. It reasonably and sufficiently established his guilt.
 {¶ 17} In addition to Carrie B.'s testimony, the testimony of investigating Detective McDonough was equally sufficient to sustain the adjudication. The record establishes that Travis H. inadvertently revealed his guilt. In the course of questioning by Detective McDonough, Travis H. explained detailed knowledge of the legal distinctions between "grand theft auto" and "joyriding." The testimony of Detective McDonough states in relevant part:
 {¶ 18} "Q. But it was his state of mind that if you just find keys in a car and use the car with those keys, that means it's joyriding?
 {¶ 19} "A. Correct.
 {¶ 20} "Q. He did say to you the most that you can get me for isjoyriding?
 {¶ 21} "A. Correct."
 {¶ 22} Counsel for appellant presented no further questions to Detective McDonough at that juncture.
 {¶ 23} This court has thoroughly examined the record from below. This court concludes that sufficient and substantial evidence was presented from which the trier-of-fact was able to reasonably conclude that the theft offense was committed by Travis H. As such, this court cannot reverse the judgment as against the manifest weight of the evidence. Appellant's first assignment of error is found not well-taken.
 {¶ 24} In his second assignment of error, appellant asserts the trial court erred by improperly weighing the testimony of witness Carrie B. pursuant to R.C. 2923.03(D). In support, appellant asserts that the trial court erred by purportedly failing to subject Carrie B.'s testimony to "grave suspicion." However, counsel for appellant fails to specify the basis, beyond the adverse result, from which it concluded Carrie B.'s testimony was not properly scrutinized by the trial court in weighing its decision. More importantly, it must be noted that the statute upon which appellant relies in support of his second assignment of error is facially inapplicable to this case. R.C. 2923.03(D) expressly and exclusively applies to cases involving jury trials. By contrast, the juvenile case under review clearly did not entail a jury. The statute states, in relevant part:
 {¶ 25} "* * * the court, when it charges the jury, shall state substantially the following:
 {¶ 26} "`The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution. * * *'"
 {¶ 27} This argument presents as fact for purposes of appellate review a key element that is not a fact in this case. Counsel for appellant simply concludes Carrie B. is a statutory "accomplice". The record establishes that Carrie B. was guilty of driving under the influence and poor judgment. It does not, however, establish complicity for purposes of application of R.C. 2923.03. Even assuming, arguendo, Carrie B. was an accomplice, R.C. 2923.03(D) expressly leaves to the discretion of the trier-of-fact whether or not the testimony of an accomplice is undermined by their complicity. We find the record is devoid of evidence to support a claim of an abuse of discretion by the trial court in finding Carrie B.'s testimony credible.
 {¶ 28} This court has thoroughly examined the record from below and finds the testimony of witness Carrie B. credible and sufficient to establish appellant's guilt beyond a reasonable doubt. This court further finds the credibility of testimony given by Detective McDonough and Carrie B. outweighs the credibility of the alibi testimony furnished by appellant's mother and relatives. Appellant's second assignment of error is found not well-taken.
 {¶ 29} The judgment of the Huron County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., concur.