JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Lorenzo Longshaw, appeals from the judgment of the Common Pleas Court, rendered after a jury verdict, finding him guilty of drug possession and sentencing him to seven months incarceration. We affirm.
 {¶ 2} The Grand Jury indicated Longshaw on one count of possession of drugs (cocaine), in an amount less than five grams, and one count of possession of drugs (oxycodone), in an amount less than bulk.
 {¶ 3} At trial, Robert Kontura testified that he works as a security officer at the Cleveland Clinic. At approximately 9:30 a.m. on December 11, 2004, as Kontura was watching the security video monitors, he observed two men sleeping in the Emergency Room waiting area. The men had been there for some time, so Kontura called two other Cleveland Clinic security officers and asked them to check on the men.
 {¶ 4} Kontura continued to watch the security monitors when Officer Edward Withers and Sergeant Johnson arrived on the scene. As Kontura watched, he saw one of the men, Longshaw, reach into his pants by his groin area, remove a long, thin, white object from his pants and place it behind several magazines that were in a rack attached to the wall. Upon seeing this, Kontura radioed the officers and told them what he had seen.
 {¶ 5} Officer Withers testified that upon arriving in the Emergency Room waiting area, he verified with Cleveland Clinic personnel that neither male was a patient waiting for treatment. He and Sergeant Johnson then awakened both men and asked them why they were there. After being advised by Kontura to check the magazine rack, Officer Withers searched the rack and found a long, thin object that appeared to be a paper towel and which contained a syringe and a glass pipe.
 {¶ 6} Officer Withers then arrested Longshaw and, upon searching him, found a prescription pill bottle that contained 16 pills of Oxycodone. When Officer Withers questioned Longshaw about the pills, which were prescribed for a woman, Longshaw told him that the pills were for his sister or sister-in-law.
 {¶ 7} Officer Withers testified that it is standard procedure for Cleveland Clinic security officers to inspect under the seats of their cruiser before every shift and again after a suspect is removed from the back seat of the cruiser. After transporting Longshaw to a holding unit at the Clinic, Officer Withers inspected the cruiser and found two more pipes under the backseat of the cruiser. When these pipes and the pipe found in the magazine rack were field tested, they all tested positive for cocaine residue.
 {¶ 8} Officer Withers then put the pipes and prescription bottle in an evidence bag and sealed it with tamper-resistant tape. He wrote his name, badge number, Longshaw's name, a list of what the bag contained, the date it was submitted, and the name of the Cleveland Police district the bag was submitted to, on the bag, and then submitted the bag to the Cleveland Police Fifth District with a request that it be tested.
 {¶ 9} At trial, Officer Withers identified his handwriting on State's Exhibit 1, the plastic bag containing the prescription bottle and the glass pipes. He further identified one of the pipes in the bag as the pipe he had recovered from behind the magazine rack. He testified that all of the evidence in the bag was in the same or substantially similar condition as when he put it in the bag on December 11, 2004.
 {¶ 10} Cynthia Lewis, a scientific examiner for the Cleveland Police Department scientific investigative unit laboratory, testified that when she received State's Exhibit 1 on December 14, 2004, it was sealed and contained a prescription bottle, two glass pipes, and one metal pipe. The date on the bag indicated that it had been sealed and submitted for testing on December 11, 2004.
 {¶ 11} Lewis testified that she analyzed one of the glass pipes and found it to contain cocaine residue. She also tested the pills in the prescription bottle and found them to be Oxycodone. Lewis identified State's Exhibit 2 as a photocopy of the lab report she prepared regarding her analysis.
 {¶ 12} After the trial court denied his Crim.R. 29 motion for acquittal, Longshaw testified in his own defense. According to Longshaw, he and his friend, Ricky Moore, who is a patient at the Cleveland Clinic, arrived at the Clinic at about 6:30 a.m. that day. Moore told Longshaw that he was going inside "to take care of some business," but if it took too long, Longshaw should bring the pills inside because Moore could not lock his glove compartment.
 {¶ 13} Longshaw waited in the car for about an hour, but went inside when it got too cold in the car. Moore was in the bathroom when Longshaw arrived in the waiting room, so Longshaw sat down and fell asleep. According to Longshaw, "next thing I know, police were waking me up."
 {¶ 14} Longshaw testified that security officers took him outside to the police cruiser and questioned him, while another officer separately questioned Moore. When Longshaw went back into the waiting room, he sat down in a chair close to Moore, who told him, "Get up from over there. That's where I got my stuff on that shelf." Longshaw testified that he reached up to see what Moore what referring to and then moved to a different chair.
 {¶ 15} Longshaw denied that the glass pipe found behind the magazines was his, but admitted that he never told the security officers this because "they never gave me the chance. They just assumed that it was mine * * *." He also denied that the pipes found in the backseat of the police cruiser were his. He admitted that at one point he had his hand in his pants, but insisted it was only because he has "a real bad case of jock itch * * * that won't go away," and he was scratching himself.
 {¶ 16} The jury found Longshaw guilty of possession of cocaine, but not guilty of possession of oxycodone. The trial court sentenced him to seven months incarceration and Longshaw timely appealed.
 SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE {¶ 17} In his first assignment of error, Longshaw argues that the evidence was insufficient to support his conviction. In his second assignment of error, Longshaw argues that his conviction was against the manifest weight of the evidence.
 {¶ 18} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 19} R.C. 2925.11 provides, in relevant part, that "no person shall knowingly obtain, possess, or use a controlled substance." Longshaw argues that there was insufficient evidence that he knowingly possessed cocaine. We disagree.
 {¶ 20} Officer Kontura testified that he saw Longshaw slip a white object into the magazine rack on the wall behind his chair in the Cleveland Clinic Emergency Room waiting area. Officer Withers testified that he recovered the object, which contained a syringe and a glass pipe, from the magazine rack shortly after Officer Kontura notified him that he had seen Longshaw place it there. The pipe was field tested and determined to contain cocaine residue. Further testing in the Scientific Investigation Unit laboratory confirmed that the glass pipe tested positive for cocaine.
 {¶ 21} It is apparent that this evidence, if believed, is sufficient to convince a rational trier of fact that Longshaw knowingly possessed crack cocaine. Appellant's first assignment of error is therefore overruled.
 {¶ 22} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight argument questions whether the State has met its burden of persuasion. State v. Thompkins
(1997), 78 Ohio St.3d 380, 390. When considering an appellant's claim that the conviction is against the weight of the evidence, a reviewing court sits essentially as a "thirteenth juror" and may disagree with the fact finder's resolution of the conflicting testimony. Thompkins, supra, quoting Tibbs v. Florida (1982),457 U.S. 31, 42. The reviewing court must examine the entire record, weighing the evidence and considering the credibility of witnesses, while being mindful that credibility generally is an issue for the trier of fact to resolve. State v. Thomas (1982),70 Ohio St.2d 79, 80. The court may reverse the judgment of conviction if it appears that the fact finder, in resolving conflicts in the evidence, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins,78 Ohio St.3d at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175.
 {¶ 23} Longshaw argues that his conviction was against the manifest weight of the evidence because "there are too many inferences and weak links that need to be made" to find him guilty of possession of cocaine. Again we disagree.
 {¶ 24} As he watched the video monitors, Officer Kontura saw Longshaw hide a long, thin object in the magazine rack hanging on the wall close to his chair. Officer Withers recovered the object from the magazine rack shortly after Officer Kontura saw Longshaw hide it there. The pipe tested positive for cocaine residue, both in the field and in the laboratory.
 {¶ 25} In light of this evidence, no inferences are necessary to find that Longshaw possessed the pipe. Moreover, although Longshaw testified that the pipe belonged to his friend Ricky Moore, the jury was free to disregard this testimony and find that of Officers Kontura and Withers to be more credible.Thomas, supra at 80. On this evidence, it is clear the jury did not lose its way in finding Longshaw guilty of possession of cocaine.
 {¶ 26} Appellant's second assignment of error is therefore overruled.
 CHAIN OF CUSTODY {¶ 27} In his third assignment of error, Longshaw argues that the trial court erred in admitting State's Exhibit 1, the plastic bag containing the glass pipe that tested positive for cocaine, into evidence because there was insufficient evidence to substantiate a proper chain of custody.
 {¶ 28} As this court explained in State v. Woodland,
Cuyahoga App. No. 84774, 2005-Ohio-1177, at ¶ 33:
 {¶ 29} "Chain of custody goes to the weight of the evidence and not to its admissibility. `While the State bears the burden of establishing the proper chain of custody, said duty is not absolute.' To meet its burden, the State need only prove that it is `reasonably certain that substitutions, alteration or tampering did not occur.' The trier of fact determines whether the chain of custody has been established." (Citations omitted).
 {¶ 30} The testimony in this case was more than adequate to establish that there were no substitutions, alteration or tampering with the evidence. Officer Kontura testified that he observed Longshaw slip a white object into the magazine rack behind his chair. Officer Withers recovered the object from the magazine rack shortly after Officer Kontura notified him that he had seen Longshaw place it there. Officer Withers determined that the object was a paper towel containing a syringe and a glass pipe.
 {¶ 31} Officer Withers arrested Longshaw, and then placed the glass pipe and other evidence into a plastic bag, sealed it, marked it and turned it over to Cleveland police. At trial, he identified his handwriting on the plastic bag, which had the number 470220 on it, and he identified one of the glass pipes in the bag as the pipe he had found in the magazine rack. Officer Withers testified that the pipe had the number 470220 written on it and the initials "CLR" on it.
 {¶ 32} Cynthia Lewis testified that she received bag number 470220 from the Cleveland Police Fifth District on December 14, 2004, and that the bag was sealed when she received it. She testified further that she tested one of the glass pipes in the bag and found that it tested positive for cocaine. Finally, she testified that she put her initials ("CLR") on the pipe that she tested.
 {¶ 33} In light of this evidence, the State met its burden of proving chain of custody in this case. Both Withers' and Lewis's testimony established that the pipe with the cocaine residue was what the State claimed it to be, i.e., Longshaw's crack pipe. Accordingly, the trial court did not err in allowing the evidence to be admitted.
 {¶ 34} Appellant's third assignment of error is overruled.
 INEFFECTIVE ASSISTANCE OF COUNSEL {¶ 35} In his fourth assignment of error, Longshaw argues that his counsel was ineffective.
 {¶ 36} In order to establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation and that he was prejudiced by that performance. State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus, certiorari denied (1990), 497 U.S. 1011, 111 L.Ed.2d 768,110 S.Ct. 3258. Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Stricklandv. Washington (1984), 466 U.S. 668, 694, 80 L.Ed.2d 674,104 S.Ct. 2052.
 {¶ 37} Longshaw first contends that his counsel was ineffective because he failed to object to the introduction of State's Exhibit 1 and to testimony regarding the pipes as the chain of custody was insufficient. As discussed above, however, the State met its burden of proving chain of custody in this case. Accordingly, defense counsel was not ineffective for not objecting to the admission of evidence and testimony regarding the pipes.
 {¶ 38} Longshaw next argues that his counsel was ineffective for failing to request a jury instruction regarding stacking an inference based upon an inference. He contends that "a review of the record raises serious questions as to the sufficiency and manifest weight of the evidence in this case" and, therefore, "defense counsel's failure to request such an instruction constituted prejudicial error and ineffective assistance of counsel."
 {¶ 39} Contrary to Longshaw's argument, however, his conviction was not against the manifest weight of the evidence and was supported by sufficient evidence. Moreover, the evidence in this case was direct; it did not require inferring facts from other facts. Accordingly, counsel did not err in not requesting such an instruction. Additionally, Longshaw has not demonstrated how such an instruction would have changed the outcome of the trial and, therefore, has failed to demonstrate that he was prejudiced by counsel's performance.
 {¶ 40} Appellant's fourth assignment of error is therefore overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J., and Corrigan, J., concur.