DECISION AND JUDGMENT ENTRY
{¶ 1} Joshua Carroll ("Appellant") appeals the judgment of the Washington County Court of Common Pleas finding him guilty of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(1). He argues that his conviction violates his rights to due process and a fair trial, as it is not supported by the manifest weight of the evidence. Because we find that the State ("Appellee") presented substantial evidence upon which the jury could reasonably conclude that all essential elements of the offense *Page 2 
were established beyond a reasonable doubt, we affirm the judgment of the trial court.
 II. Facts. {¶ 2} The Appellant met S.D., a minor female, on a popular website,MySpace.com. MySpace.com is a website designed for people to meet other people by means of their "friends," or internet acquaintances. S.D. saw the Appellant's profile on her friend's MySpace page and sent him an invitation to be her friend. Thereafter, the Appellant accepted and he and S.D. began e-mailing and chatting over AOL Instant Messenger. S.D. included photos of herself on her MySpace web page that were taken when she was just over fifteen years of age. Her web page describes her as "female, 15 years old, Belpre, Ohio, United States." The Appellant and S.D. chatted with each other for approximately one and a half months before they met in person. During their chats, S.D. told the Appellant that she was only fifteen years of age.
 {¶ 3} On July 7, 2006, the Appellant drove over to S.D.'s house around 2:00 p.m. It is disputed whether S.D. invited him to her home, or he came on his own accord. When the Appellant arrived, S.D. was babysitting her younger brother because her parents were not home. At that time, S.D. showed the Appellant around her home, ending the tour in the basement *Page 3 
where her bedroom was located. When the two arrived in the bedroom, they began engaging in sexual contact, and eventually, sexual intercourse. The Appellant brought a condom with him to the encounter.
 {¶ 4} Although he was expected home from work around 3:15 p.m., S.D. `s father arrived home from work early that day. When he arrived home, he made his way down to the basement to find his daughter and the Appellant in her bedroom. The Appellant was naked. S.D.'s father immediately told the Appellant to leave the premises.
 {¶ 5} Thereafter, S.D. and her father filed a complaint with the Belpre Police Department against the Appellant. Once the complaint was filed, S.D., in the presence of a Belpre Police Department detective, engaged in internet chats with the Appellant. During these chats, the Appellant confirmed that he and S.D. had engaged in sexual intercourse. In the course of these chats, S.D. also mentioned twice that she was only fifteen years old. The Appellant expressed no surprise at these statements.
 {¶ 6} On January 18, 2006, a jury found the Appellant guilty of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(1). He was sentenced to one year in prison. The Appellant now appeals the trial court's judgment, asserting the following assignment of error:
 {¶ 7} 1. THE TRIAL COURT VIOLATED JOSHUA CARROLL'S *Page 4 
RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT ENTERED A JUDGMENT OF CONVICTION FOR UNLAWFUL SEXUAL CONDUCT WITH A MINOR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. {¶ 8} The Appellant argues that his conviction for unlawful sexual conduct with a minor was against the manifest weight of the evidence. When considering an appellant's claim that a conviction is against the manifest weight of the evidence, our role is to determine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998),84 Ohio St.3d 180, 193, 702 N.E.2d 866. The reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of witnesses, keeping in mind that credibility generally is an issue for the trier of fact to resolve.State v. Thomas (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356; State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The reviewing court may reverse the conviction if it appears that the fact finder, in resolving evidentiary conflicts, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thomphns (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541. On the other hand, we will not reverse a conviction if the state presented substantial *Page 5 
evidence upon which the trier of fact could reasonably conclude that all essential elements of the offense had been established beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169,383 N.E.2d 132, syllabus.
 {¶ 9} The Appellant argues that the jury lost its way in convicting the Appellant for unlawful sexual conduct with a minor when it determined he possessed the requisite state of mind, recklessness. Describing that standard to the jury, the trial judge stated,
 "[A] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when with heedless indifference to the consequences, he perversely disregards a known risk that those circumstances may exist."
 {¶ 10} Despite the Appellant's arguments to the contrary, the weight of the evidence clearly shows that the Appellant possessed the requisite state of mind for commission of the crime at issue. The evidence presented at trial showed that S.D. told the Appellant that she was only fifteen years old. S.D. also testified that her correct age was posted on her MySpace account, and that the Appellant and S.D.'s first contact occurred through that website. Additionally, the fact that the Appellant was fully aware of S.D.'s age was corroborated by evidence of internet chats that occurred between S.D. and the Appellant shortly after the crime. The Appellant did not contradict any of the aforementioned evidence. *Page 6 
 {¶ 11} In our view, the Appellee presented substantial, credible evidence at trial establishing beyond a reasonable doubt that the Appellant engaged in sexual intercourse with S.D., who was fifteen years old at the time of the offense, when he knew her age or was reckless in so determining. Accordingly, we overrule the Appellant's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, J. and Harsha, J.: Concur in Judgment and Opinion. *Page 1