THE STATE OF OHIO, APPELLANT, *v.* THOMAS, APPELLEE.

(No. 81-1041—Decided May 19, 1982.)

*Mr. Stephen R. Shaw,* for appellant.
*Mr. Gregory M. Novak,* for appellee.

REILLY, J. Appellant advances the following proposition of law:

"Where there is ample evidence in the record from which a jury can weigh and evaluate the testimony of defense witnesses as to the issue of insanity it is exclusively within the province of the jury to make that evaluation and it is an abuse of judicial discretion and an abuse of the jury process for a reviewing court to substitute its own evaluation of those witnesses and thereby overturn the jury's conclusions as to the defendant's guilt."

It is emphasized that an appellate court may not reverse the judgment of conviction unless reasonable minds could not fail to find reasonable doubt of the defendant's guilt. It is fundamental that the weight to be given the evidence and credi-

bility of the witnesses are primarily for the trier of the facts. Thus, in reviewing the legal sufficiency of evidence to support a jury verdict, it is the minds of the jurors rather than a reviewing court which must be convinced. *State* v. *Petro* (1947), 148 Ohio St. 473, 501-502; *State* v. *DeHass* (1967), 10 Ohio St. 2d 230. The test for the sufficiency of the evidence in a criminal appeal is whether reasonable minds can reach different conclusions on the issue of whether defendant is guilty beyond a reasonable doubt. *State* v. *Black* (1978), 54 Ohio St. 2d 304.

The jury was specifically instructed that it could believe or disbelieve all or any part of the testimony of any witness. The charge included an instruction concerning expert witnesses, but specified that upon the jury alone rests the duty of deciding what weight should be given to the testimony of any expert.

Moreover, this court in *State* v. *Jackson* (1972), 32 Ohio St. 2d 203, held:

"In order to establish the defense of insanity where raised by pleas in a criminal proceeding, the accused must establish by a preponderance of the evidence that disease or other defect of his mind had so impaired his reason that, at the time of the criminal act with which he is charged, either he did not know that such act was wrong or he did not have the ability to refrain from doing that act. (*State* v. *Staten*, 18 Ohio St. 2d 13, approved and followed.)"

Therefore, insanity is an issue for the jury to decide. Consequently, the jury may give more weight to lay witnesses than to experts if it so chooses. If there is sufficient evidence to support the jury's findings, it is not the reviewing court's place to interfere. The weight to be given the evidence and the credibility of the witnesses concerning the establishment of the defense of insanity in a criminal proceeding are primarily for the trier of the facts.

The defense presented the expert testimony of Dr. Lewis A. Lindner, M. D., and Joseph S. Ryan, a psychologist. The jury could decide what weight should be given to their testimony. As to Dr. Lindner, there was evidence of a report in his files in which it was recorded that upon interviewing defendant "no signs of psychosis were noted," and the most signifi-

cant diagnosis of defendant was that he was mildly mentally retarded. Moreover, Dr. Lindner testified that defendant's touch with "reality varied from time to time," and that a schizophrenic could distinguish right from wrong and, for periods of time, function normally in society. Thus, it is reasonable to conclude that such testimony did not demonstrate that defendant was insane at the time of the criminal acts.

Ryan's testimony disclosed that defendant's "borderline" intelligence in and of itself would not be sufficient to make him schizophrenic. Furthermore, he testified that defendant's Lykken Scale test results disclosed that defendant did not fall within the sociopathic range and that the results of the Rotter Incomplete Sentences Blank test were "inconclusive and they didn't result in any useful data." Ryan noted that the results of the Draw a Person test defendant performed were also inconclusive.

Therefore, although the record shows considerable evidence reflecting doubt on defendant's ability to distinguish right from wrong, there is also evidence that defendant was not insane at the time of the offenses.

The following testimony particularly indicates that defendant knew right from wrong at the time of the offenses. Lola Klinger's testimony revealed that defendant acted rationally shortly before he attacked her, when he approached her at the hotel desk and inquired concerning the whereabouts of a person he knew was staying at the hotel. The testimony of Mary Zimmerman, another victim, also indicated that defendant acted rationally at the time of the attack against her. For example, defendant placed a blanket over her head and instructed her not to remove it, thereby taking adequate precautions to prevent her from identifying him. Furthermore, he went through her drawers and purse. Her husband, John Zimmerman, testified that defendant searched his wallet and must have broken in through the door as a train passed nearby, thereby muffling any noise defendant might make by opening the door. The railroad tracks are near the Zimmerman house. Hence, the jury could conclude defendant's thought processes were deliberate and rational at the time of the offenses.

82

Accordingly, for the foregoing reasons, appellant's proposition of law is well taken, and the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

W. Brown, Acting C. J., Moyer, Holmes, C. Brown and Krupansky, JJ., concur.

Locher, J., concurs in the judgment.

Reilly, J., of the Tenth Appellate District, sitting for Celebrezze, C. J.

Moyer, J., of the Tenth Appellate District, sitting for Sweeney, J.