[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G) (1).
We overrule the appellant's first assignment of error, upon our determination that the challenges presented therein to the trial court's denial of the appellant's pretrial request for a continuance are untenable. The record does not disclose what evidence might have been produced at trial had defense counsel been afforded more preparation time. Nor does it otherwise demonstrate that the trial court abused its discretion in denying the continuance. See State v. Claytor (1991), 61 Ohio St.3d 234,241, 574 N.E.2d 472, 478 (holding that the denial of a continuance will not provide a basis for reversal on appeal, in the absence of a showing of what evidence could have been produced and a finding of an abuse of discretion). Moreover, the record does not disclose a reasonable probability that, but for defense counsel's failure to secure a continuance, the result of the trial would have been different. See State v. Bradley (1989), 42 Ohio St.3d 136,143, 538 N.E.2d 373, 380. We, therefore, hold that the denial of the continuance neither denied the appellant his right to a fair trial nor deprived him of the effective assistance of counsel.
We overrule the appellant's second and third assignments of error, because, upon the evidence adduced at trial, reasonable minds could have reached different conclusions as to whether each element of the offense of theft, as charged in the indictment, had been proved beyond a reasonable doubt, see State v. Thomas (1982),70 Ohio St.2d 79, 434 N.E.2d 1356, and because we find nothing in the record of the proceedings below to suggest that the jury, in resolving the conflicts in the evidence, lost its way or created such a manifest miscarriage of justice as to warrant the reversal of the appellant's conviction. See Tibbs v. Florida (1982),457 U.S. 31, 102 S.Ct. 2211; State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717.
We, therefore, affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on November 17, 1999, per order of the Court _______________________________. Presiding Judge