OPINION
Defendant-appellant, Jonathan Primus, was tried and convicted by a jury on one court of possession of crack cocaine in violation of R.C. 2925.11, a felony in the fourth degree. For the reasons that follow, we affirm.
On October 28, 1999, Officer Steven Redding observed defendant's vehicle stopped on the right side of Billiter Boulevard in Columbus, Ohio. Because Billiter Boulevard is a narrow street, defendant's vehicle was impeding traffic. Officer Redding, who was not in a police cruiser, radioed a police unit that was patrolling the area in a marked cruiser and described defendant's vehicle and the observed traffic violation.
Officers Matthew Streng and Greg Martin, the officers patrolling in the marked cruiser, located and stopped defendant's vehicle. Officer Streng approached defendant's vehicle, and asked defendant if he had a driver's license, identification and proof of insurance. Defendant responded that he did not have a driver's license. Officer Streng then requested that defendant exit his vehicle. After walking with defendant back to the police cruiser, Officer Streng patted defendant down, but he did not find any weapons or contraband in defendant's possession. Officer Streng then placed defendant in the rear seat of the cruiser.
While defendant was sitting in the cruiser, Officers Streng and Martin sat in the front seat of the cruiser and completed the paperwork for citing defendant for impeding the flow of traffic and for not possessing a driver's license. Both officers testified that they observed defendant moving around in the backseat, but neither officer observed defendant hiding anything.
Upon completion of the paperwork, Officer Streng let defendant out of the rear of the cruiser and directed him to speak with Officer Martin regarding the two violations. Officer Streng then lifted the bottom of the backseat of the cruiser to search for contraband that defendant may have left in the cruiser. Underneath where defendant was sitting, Officer Streng discovered a plastic baggie tied in a knot that contained a white, rocky substance. After testing, the white, rocky substance was determined to be 1.9 grams of crack cocaine.
Both Officers Streng and Martin testified that, prior to beginning their tour of duty on October 28, 1999, they had searched the rear of their vehicle for any contraband. Their search included lifting the backseat outwards and checking underneath and behind the seat for contraband. Neither officer found anything during this search. Both officers testified that, after anyone is placed in the rear of the cruiser, the backseat is searched. Even so, both officers testified that, to their recollections, no one besides defendant had been seated in the rear of the cruiser on October 28, 1999.
After the discovery of the baggie, defendant was placed under arrest. On February 8, 2000, defendant was indicted for possession of crack cocaine, in violation of R.C. 2925.11. Defendant was tried before a jury and convicted of the sole count on August 14, 2001. On October 19, 2001, the trial court issued a judgment entry sentencing defendant to twelve months incarceration, suspending defendant's driver's license for six months and levying $263 in court costs.
On appeal, appellant assigns the following error:
 The judgment of the trial court is not supported by sufficient evidence.
The Ohio Supreme Court delineated the role of an appellate court presented with a sufficiency of the evidence argument in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime proven beyond a reasonable doubt. * * *
Whether the evidence is legally sufficient is a question of law, not fact. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Indeed, in determining the sufficiency of the evidence, an appellate court must "give full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia (1979), 443 U.S. 307, 319. Consequently, the weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact. State v. Yarbrough, 95 Ohio St.3d 227,2002-Ohio-2126, at ¶ 79; State v. Thomas (1982), 70 Ohio St.2d 79,79-80. A jury verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001), 90 Ohio St.3d 460, 484; Jenks, supra, at 273.
In essence, defendant argues that his conviction is not supported by sufficient evidence because no direct evidence was offered at trial to connect defendant with the crack cocaine found in the police cruiser. To support his argument, defendant relies on Officer Streng's failure to discover the baggie of crack cocaine during the pat-down of defendant. Additionally, defendant points to Officers Streng's and Martin's testimony that they never saw defendant hide the baggie in the police cruiser.
We are not persuaded by defendant's argument. Although no direct evidence of defendant's possession of the cocaine was presented at trial, sufficient, credible and circumstantial evidence was presented. "Circumstantial evidence and direct evidence inherently possess the same probative value." Treesh, supra, at 485. Indeed, a conviction can be based upon circumstantial evidence alone. State v. Franklin (1991),62 Ohio St.3d 118, 124. Moreover, when the state relies upon circumstantial evidence to prove the offense charged, "there is no requirement that the evidence must be irreconcilable with any reasonable theory of innocence in order to support a conviction." Jenks, supra, at 273.
Here, testimony was offered that Officers Streng and Martin searched the rear of the police cruiser before they began their tour of duty on October 28, 1999. No contraband was found secreted in the backseat during that search. Although neither officer remembers placing anyone in the rear of the cruiser besides defendant on October 28, 1999, both officers testified that, if anyone had been in the backseat, a search of the rear of the cruiser would have been conducted afterwards for contraband. No contraband was found in the backseat until defendant exited the cruiser.
While neither officer saw defendant hide the crack cocaine in the backseat, the officers testified that defendant was "moving around" in the backseat. Further, Officer Streng's pat-down of defendant was a limited search for weapons and, thus, the jury could infer that the officer missed finding a small baggie of crack cocaine during the pat-down. Therefore, based upon the evidence offered at trial, the jury could reasonably conclude that defendant had the crack cocaine in his possession before entering the cruiser and hid it in the backseat of the cruiser. See State v. Davis (1998), Franklin App. No. 98AP-192 (holding that circumstantial evidence was sufficient to support a conviction for possession of cocaine when the cocaine was found hidden in the backseat of a police cruiser after the defendant had been removed from the backseat).
For the foregoing reasons, defendant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and BRYANT, JJ., concur.