JOURNAL ENTRY and OPINION
A jury found defendant Wilson Smith guilty of possessing PCP, preparing PCP for sale and possession of criminal tools. In this appeal he claims the state failed to present sufficient evidence to prove the charges and that the verdicts were against the manifest weight of the evidence.
The state's evidence showed that police officers with the Cuyahoga Metropolitan Housing Authority (CMHA) received information from an informant that Smith had been dealing large quantities of PCP. The informant telephoned Smith and arranged to buy $800 in PCP at an arranged site. Smith would be driving a green sport utility vehicle. The police gathered in a position to witness the transaction and saw Smith arrive in a vehicle as described. The informant approached Smith's vehicle and gave an immediate signal to indicate that Smith did possess PCP. The officers moved in to make an arrest. Smith saw the officers approaching and threw a piece of pink tissue paper out the car window. The officers discovered that the tissue paper held a vial that contained liquid PCP. Although the vial broke when it hit the ground, the police believed the liquid remains of the PCP indicated that the vial had been full when thrown from the car.
 I
Smith first argues that the state failed to produce sufficient evidence to prove the counts relating to preparation of drugs for sale and possession of criminal tools.
A claim that a verdict is unsupported by sufficient evidence requires us to consider whether the state presented evidence which, viewed in a light most favorable to the state, would permit any rational trier of fact to establish all the elements of an offense. See Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 A
R.C. 2925.03(A)(2) states that no person shall knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person.
The state produced evidence to show that the police decided to set up a drug buy because they had received information that a male had been selling large quantities of PCP on CMHA premises. That Smith was willing to sell $800 worth of PCP indicated that he knew this large quantity would be used further down the chain by the informant. This was sufficient evidence from which the jury could infer that he was preparing the drugs for sale.
 B
Smith also argues that the state failed to adduce sufficient evidence that the cell phone taken from him after arrest was used as a criminal tool.
R.C. 2923.24 states that no person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally.
The evidence showed that the police watched the informant dial a telephone number and speak with Smith. After confiscating Smith's cell phone, the officers dialed that same number and watched it ring on Smith's cell phone. The state proved that Smith used the cell phone to sell PCP; hence, the state presented sufficient evidence to show that Smith purposely used the cell phone criminally.
 II
The second assignment of error complains that the verdicts for preparation of drugs for sale and possession of criminal tools are against the manifest weight of the evidence. Smith primarily argues that the evidence failed to show that an actual drug transaction had been intended. He points to police testimony showing that he and the informant did not actually exchange any money or drugs.
Keeping in mind that the weight to be given evidence and the credibility of the witnesses are determinations to be made by the triers of fact, see State v. Thomas (1982), 70 Ohio St.2d 79, we find the verdicts were not against the manifest weight of the evidence. It was not necessary that an exchange of drugs for money be established as a predicate for finding Smith guilty. The facts established that Smith knowingly agreed to sell PCP for an agreed amount of money. He arrived at the correct time and place, driving a vehicle he had described to the informant. He possessed the PCP as promised. The jury did not lose its way in finding these facts persuasive proof of Smith's guilt.
We also reject any contention that the state needed to produce the informant in order to win a conviction. The state correctly points out that an informant's identity must be revealed to a criminal defendant when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges. See State v. Williams (1983), 4 Ohio St.3d 74, 446 N.E.2d 779, syllabus.
The informant's identity was not crucial to the defense. The police could competently testify to what they heard when the informant spoke to Smith by telephone. State v. Blevins (1987), 36 Ohio App.3d 147, 149,521 N.E.2d 1105. What they learned in the course of their investigation was proven accurate by the circumstances surrounding the agreed meeting to purchase the PCP. The informant accurately related the correct time and place of the meeting, including the color and make of the vehicle that Smith would be driving. In all respects, the facts corroborated the informant's information. His presence was unnecessary. The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN PRESIDING JUDGE ANN DYKE, J., and TERRENCE O'DONNELL, J., CONCUR.