JOURNAL ENTRY and OPINION
{¶ 1} Appellant Kelly Zanders appeals his conviction for aggravated theft. He assigns the following errors for our review:
"I. Kelly Zanders' conviction for theft is against the manifest weight of the evidence."
"II. Kelly Zanders was denied his rights under the Fifth and Fourteenth Amendments when the State of Ohio was permitted to cross examine him as to his failure to speak to officers after his arrest."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Zanders' conviction. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Zanders on one count each of aggravated theft, breaking and entering, and vandalism. Zanders pleaded not guilty; the matter proceeded to a jury trial.
 {¶ 4} The evidence presented established that on May 17, 2005, the victim, Jorge Bradley, was awakened at approximately 5:00 a.m. by the sound of his car alarm going off. Shortly thereafter, his alarm sounded again. Bradley looked out the window and saw an individual standing near his vehicle. As Bradley approached the vehicle, he saw a man, later identified as Zanders, run into a nearby backyard with the speaker box and amplifier from his vehicle. He also saw that various items from his vehicle were placed on the driveway.
 {¶ 5} Bradley pursued Zanders and was able to apprehend him. He contacted police on his cell phone and detained Zanders until police arrived. Bradley estimated his speaker box was worth $250, and the amplifier was worth $989.
 {¶ 6} Officer Mandzak testified that upon arriving on the scene, she observed Zanders sitting on the ground with Bradley standing nearby. The officer took Zanders into custody and during a pat-down search for weapons, found a screwdriver in Zanders' back pocket. The officer observed that the car and trunk locks were damaged. Detective Small, who was assigned to investigate the case, determined a screwdriver was used to pry out the locks.
 {¶ 7} Zanders denied breaking into Bradley's car. Instead, he claimed that Bradley beat him up and framed him for breaking into the car because Zanders owed him money for drugs. He stated that he told the officer that he was a victim of an assault and desired to press charges. Zanders also stated that the officer had refused to take him to the hospital even though he was bleeding and his eye and lip were split open. In rebuttal, the State offered Zanders' booking photograph, taken shortly after his arrest. There were no wounds depicted in the photograph.
 {¶ 8} The jury found Zanders guilty of aggravated theft, with the value of the property being more than $500 but less than $5,000. The jury found Zanders not guilty of breaking and entering and vandalism. The trial court sentenced Zanders to eleven months in prison.
 Manifest Weight of the Evidence {¶ 9} In his first assigned error, Zanders claims his conviction was against the manifest weight of the evidence because Bradley was not a credible witness.
 {¶ 10} When the argument is made that the conviction is against the manifest weight of the evidence, the appellate court is obliged to consider the weight of the evidence, not its mere legal sufficiency. The defendant has a heavy burden in overcoming the fact finder's verdict. As the Ohio Supreme Court held inState v. Thompkins:[1]
"Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' Blacks, supra, at 1594. "* * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
 {¶ 11} Zanders contends Bradley was not credible because he was a drug dealer. However, the jury was informed that Bradley served time in prison for dealing drugs. Bradley contended that he no longer sold drugs and has a steady job working in an auto repair store. Thus, the jury was apprised of Bradley's former criminal history. Whether the victim was credible or not was, therefore, an issue for the jury to discern.[2]
 {¶ 12} It appears the jury found Bradley more credible than Zanders. Zanders testified that he was the victim of assault, however, his booking photograph did not depict the injuries he claimed to have suffered. The arresting officer also testified that Zanders was not bleeding when she appeared on the scene. The officer stated for liability purposes, if a defendant is injured, the person must be treated before being placed in jail. Thus, if Zanders was injured, she would have definitely made sure he received treatment.
 {¶ 13} Zanders also argues the trial court erred in allowing Bradley and Detective Small to testify regarding the cost to repair the vehicle, which was damaged when Zanders broke the car and trunk locks and ripped out the speaker. However, because the jury found Zanders not guilty of vandalism, this argument is moot. The cost of repair is irrelevant to an aggravated theft charge. It pertains to proving the vandalism resulted in excess of $500 in damages. Accordingly, Zanders' first assigned error is overruled.
 Cross-Examination on Silence {¶ 14} In his second assigned error, Zanders contends the trial court erred by permitting the State to cross-examine him regarding his failure to speak to officers after his arrest.
 {¶ 15} We initially note that Zanders failed to object to this line of questioning. Therefore, in the absence of plain error, this error is waived.[3] Our review of the record does not indicate plain error occurred.
 {¶ 16} Although commenting on a defendant's silence in observance of his Fifth Amendment right is impermissible, that is not what occurred. Zanders chose to make statements to the police after he was arrested. Zanders claimed that he informed the officer that Bradley assaulted him and that he wanted to press assault charges against him. He testified at trial that Bradley had framed him for not paying a drug debt. The State, in an effort to impeach Zanders, inquired on cross-examination why Zanders, as an alleged victim, did not pursue the matter with the authorities.
 {¶ 17} In State v. Osborne,[4] the Ohio Supreme Court held:
"If a defendant voluntarily offers information to the police, his toying with the authorities by allegedly telling only part of his story is certainly not protected by Miranda or Doyle. A contrary rule would foreclose any cross-examination, for fear that it might reveal impeaching information intentionally withheld and inextricably interwoven with that which was divulged."[5]
 {¶ 18} In the instant case, the State's cross-examination was an attempt to impeach Zanders' alleged statements to the police that he was the victim of assault and was framed by Bradley. This is not a situation where the defendant remains silent in the face of being charged. Accordingly, Zanders' second assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., and Mary Eileen Kilbane, J.,concur.
[1] 78 Ohio St.3d 380, 386-387, 1997-Ohio-52.
[2] State v. Thomas (1982), 70 Ohio St.2d 79.
[3] State v. Twyford, 94 Ohio St.3d 340, 355, 2002-Ohio-894.
[4] (1977), 50 Ohio St.2d 211.
[5] Id. at 217.