JOURNAL ENTRY AND OPINION
{¶ 1} This case was heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the record from the Bedford Municipal Court, and the briefs and oral argument of counsel
 {¶ 2} Defendant-appellant, Martin S. Bursky, appeals from the judgment of the Bedford Municipal Court, rendered after a bench trial, finding him guilty of violating Moreland Hills Codified Ordinance 331.19 (Operation of Vehicle at Stop Signs). Finding merit to his appeal, we reverse and remand.
 {¶ 3} Moreland Hills police officer Michael Pinizzotto testified at trial that at approximately 1:30 p.m. on March 17, 2008, he was traveling westbound on Miles Road in the village of Moreland Hills. As he approached Chagrin River Road, he saw Bursky, who was traveling southbound on Chagrin River Road, enter his lane of travel and then come to a stop in Pinizzotto's lane. Pinizzotto testified that he had to brake to avoid hitting Bursky's vehicle.
 {¶ 4} Pinizzotto admitted on cross-examination that he could not see either the stop sign or stop line on Chagrin River Road as he was traveling on Miles Road. Pinizzotto agreed that he could not know for sure whether Bursky had stopped at the stop sign before entering Miles Road, and it was "possible" that Bursky had stopped at the stop sign, proceeded forward, and then stopped again when he saw Pinizzotto's vehicle approaching. *Page 4 
 {¶ 5} Bursky testified that he came to a stop at the stop sign, but then edged out because he could not see whether any traffic was approaching on Miles Road. As he edged out, he looked right, then left, and when he saw Pinizzotto's vehicle approaching, he stopped and then backed up.
 {¶ 6} Pinizzotto had video equipment in his police cruiser that captured the events from the vantage point of the cruiser. After viewing the videotape, the trial judge concluded that Bursky had not stopped at the stop line, found him guilty, and fined him $75 plus court costs.
 {¶ 7} On appeal, Bursky argues there was insufficient evidence presented to establish a violation of Moreland Hills Codified Ordinance 331.19 and that his conviction was against the manifest weight of the evidence.
 {¶ 8} An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 9} While the test for sufficiency requires a determination of whether the prosecution has met its burden of production at trial, a manifest weight *Page 5 
challenge questions whether the prosecution has met its burden of persuasion. State v. Thompkins, 78 Ohio St.3d 380, 390, 1997-Ohio-52. When considering a manifest weight claim, a reviewing court must examine the entire record, weigh the evidence and consider the credibility of witnesses. State v. Thomas (1982), 70 Ohio St.2d 79, 80. The court may reverse the judgment of conviction if it appears that the factfinder "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"Thompkins at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. A judgment should be reversed as against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." Thompkins at 387. A finding that a conviction was supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. Id. at 388.
 {¶ 10} Under Moreland Hills Codified Ordinance 331.19, "every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line * * *. After having stopped, the driver shall yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways."
 {¶ 11} After considering the testimony at trial and viewing the videotape of Bursky's stop, we find that Bursky's conviction, although sustained by sufficient *Page 6 
evidence, is against the manifest weight of the evidence. First, there is no evidence to support a conclusion that Bursky did not stop at the stop line. The stop sign is not visible on the video and the video does not show either the stop line or Bursky pulling up to (or past) the line. Further, Officer Pinizzotto admitted that he did not know for sure whether Bursky stopped at the stop line and that it was "possible" that he did, in fact, stop.
 {¶ 12} With regard to yielding the right of way, the video clearly belies officer Pinizzotto's testimony that Bursky was in the intersection in his lane of travel, and that he was forced to apply his brakes to avoid a collision. Rather, the video shows that Bursky slowly edged forward, stopped perhaps a foot onto Miles Road, and then backed up when he saw the patrol car approaching. The video further shows that officer Pinizzotto was many car lengths away when he saw Bursky edge out onto Miles Road; he clearly was not approaching "so closely as to constitute an immediate hazard." Thus, the video makes clear that Bursky properly yielded the right of way to oncoming traffic.
 {¶ 13} After examining the record, weighing the evidence, and considering the credibility of the witnesses, we sustain Bursky's second assignment of error, as his conviction was against the manifest weight of the evidence. His first assignment of error is overruled.
Reversed and remanded.
 It is ordered that appellant recover from appellee costs herein taxed. *Page 7 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, A.J., and MARY EILEEN KILBANE, J., CONCUR. *Page 1