[Cite as *State v. Norris*, 2013-Ohio-262.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98250

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SHANWANDA NORRIS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-554947

BEFORE:    Keough, J., Jones, P.J., and Blackmon, J.

RELEASED AND JOURNALIZED:    January 31, 2013

**ATTORNEY   FOR APPELLANT**

Gregory T. Stralka
6509 Brecksville Road
P.O. Box 31776
Independence, Ohio 44131

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Shanwanda Norris, appeals from the trial court's judgment, rendered after a jury verdict, finding her guilty of vandalism, attempted aggravated arson, and aggravated arson, and sentencing her to an aggregate prison term of four years. Norris contends that her conviction for vandalism was not supported by sufficient evidence and was against the manifest weight of the evidence. Finding no merit to the appeal, we affirm.

## I. Background

{¶2} Norris was charged with vandalism in violation of R.C. 2909.05(A), attempted aggravated arson in violation of R.C. 2923.02 and 2909.02(A)(2), and aggravated arson in violation of R.C. 2909.02(A)(2). She pleaded not guilty and the matter proceeded to trial.

{¶3} The state presented six witnesses at trial, four of whom presented testimony relevant to Norris's assignments of error. Sullea Martin testified that she owned rental property at 14204 Edgewood Avenue in Cleveland, Ohio and that the property was in good condition when Norris rented it from her on June 13, 2011. Martin said that just nine weeks later, however, when Martin evicted Norris because she refused to pay rent, the property was in "disgusting" condition. When Martin inspected the property on August 26, 2011, after Norris had been evicted, she observed trash in the living room, feces on the dining room floor, trash and clothes throughout the kitchen, and gnats, feces, and trash throughout the basement. Martin testified that she also observed that the front door was

kicked in and broken off its hinges, the front security door was broken, and at least six windows were broken out. Martin said that each window cost $139 and calculated that there was over $800 in damage to the windows. She testified further that it would cost between $500 to $800 to replace the security door and calculated that the total damage due to the vandalism was over $1300.

{¶4} During the night of August 28, 2011, a fire caused extensive damage to the property at 14204 Edgewood Avenue. Eric Burchak, a captain in the investigation unit of the Cleveland Fire Department, responded to the fire at 4:15 a.m. that morning. After investigating the scene, Burchak concluded that someone had poured gasoline near the dining room on the first floor of the house and intentionally started the fire.

{¶5} Andrea Lloyd testified that she lived two doors down from Norris on Edgewood Avenue and that she was friendly with Norris and her children. Lloyd testified that as she and Norris sat on her porch on August 23, 2011, Norris told her that she was upset with Martin and was going to try to burn the house down. Lloyd testified that when Norris left, she watched her walk back to her house and break out the front picture window of the home. Later, as Lloyd walked down the street by Norris's house, she saw Norris standing in the driveway. Lloyd said that "it looked like she was throwing something down into the basement window and at the same time [she was] hollering 'it's too wet, it's not going [to] take.'"

{¶6} Edna Hamilton, who lived next door to Norris on Edgewood Avenue, testified that she also heard Norris threaten to burn the house down. Hamilton said that

on August 23, 2011, she was sitting on her porch watching her daughter do Norris's hair. According to Hamilton, Norris stated that her landlord was evicting her and that she was going to burn the house down so "nobody will be able to live in that house again." Hamilton testified that later that evening she heard the sound of glass breaking at Norris's house. She did not see who broke the glass but she immediately looked out her window and saw Norris walking from her house down the street to Lloyd's house. Hamilton testified that on the night of August 28, 2011, she again heard the sound of breaking glass next door; shortly after she smelled smoke and saw the house burning.

## II. Analysis

{¶7} In her first assignment and second assignments of error, Norris contends that her conviction for vandalism was not supported by sufficient evidence and was against the manifest weight of the evidence.[1]

{¶8} The test for sufficiency requires a determination of whether the prosecution mets its burden of production at trial. *State v. Bowden*, 8th Dist. No. 92266, 2009-Ohio-3598, ¶ 12. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if belived, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact

---

[1]She does not challenge her convictions for aggravated arson and attempted aggravated arson.

could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.

{¶9} A manifest weight challenge, on the other hand, questions whether the prosecution met its burden of persuasion. *State v. Ponce*, 8th Dist. No. 91329, 2010-Ohio-1741, ¶ 17, citing *State v. Thomas*, 70 Ohio St.2d 79, 80, 434 N.E.2d 1356 (1982). A reviewing court may review the judgment of conviction if it appears that the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387. A finding that a conviction was supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *Id.* at 388.

{¶10} Norris was convicted of vandalism in violation of R.C. 2909.05(A), which states that "[n]o person shall knowingly cause serious physical harm to an occupied structure or any of its contents." "Serious physical harm" means "physical harm to property that results in loss to the value of the property of one thousand dollars or more." R.C. 2909.05(F)(2).

{¶11} Norris contends that her conviction was not supported by sufficient evidence and against the manifest weight of the evidence because the state did not produce sufficient evidence that the damage to the property was one thousand dollars or more. Specifically, she contends that although the damage to the windows as of August 26, 2011, when Martin inspected the property, was $800, the damage to the door occurred on August 28, 2011, when the arson occurred. She argues that the state cannot combine the damage

amounts from the two separate incidents to meet the threshold dollar requirement for vandalism. Norris's argument is without merit.

{¶12} Martin, the property owner, testified that when she inspected the house on August 26, 2011, there were at least six windows broken out, the front door was kicked in, and the front security door was damaged. Martin testified that she made a police report the next day regarding the vandalism and her report included the damage to the front door. She further testified that the total amount of damage to the windows and front door was over $1,300. Although Captain Burchak testified that the *back* door of the house was forced open on August 28, 2011, the day of the fire, Martin's undisputed testimony unequivocally demonstrated that the *front* door had been vandalized before the fire and that Norris caused over $1000 of damage to the home before she set it on fire several days later. In light of this evidence, Norris's conviction for vandalism in violation of R.C. 2909.05(A) was supported by sufficient evidence and not against the manifest weight of the evidence. The assignments of error are therefore overruled.

{¶13} Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR