[Cite as *Cleveland v. Casals*, 2013-Ohio-5578.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99642**

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# FRANCISCO CASALS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2012 CRB 039404

**BEFORE:** Keough, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** December 19, 2013

**ATTORNEY FOR APPELLANT**

Thomas E. Conway
1370 Ontario Street
Suite 2000
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Law Director
City of Cleveland
Law Department
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

Victor R. Perez
Chief City Prosecutor
By: Angela Rodriguez
Assistant City Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Francisco Casals, appeals from the judgment of the Cleveland Municipal Court that found him guilty of petty theft in violation of Cleveland Codified Ordinances ("CCO") 625.05. We affirm.

## I. Background

{¶2} Clarita Cintron testified for the city that she was employed by Equity Protection Services, a company that provides security services for Giant Eagle grocery stores. On November 15, 2012, Cintron was working at the Giant Eagle store on Edgecliffe Drive in Cleveland when her attention was drawn to Casals; Cintron thought he was shoplifting. Cintron said she followed and watched Casals for approximately an hour, and saw him walk around the store, take items off the shelves, walk to a vacant aisle, and then place the items into blue, plastic Giant Eagle grocery bags in his cart. Cintron testified that she saw Casals take and bag two steaks, several room deodorizers, and some Axe body sprays. Cintron then observed Casals walk past all of the cash registers without paying for the items and attempt to leave the store before she stopped him. Cintron said that the exit Casals tried to use was not by any cash registers or the customer service desk.

{¶3} Casals testified in his defense that he went to Giant Eagle on November 15, 2012, to buy some meat and small household items and that he put the items in bags so they would not fall out of his cart. He said that his daughter called him as he was shopping and asked him to play the lottery for her, and he went around the cash register

and by the door because he could not get good reception on his phone. Casals said that he was going to pay for the items and the lottery ticket at the customer service desk.

**{¶4}** The trial court found Casals guilty and sentenced him to 180 days incarceration, 170 days suspended, and one year of active probation after completion of the jail sentence. This appeal followed.

## II. Analysis

A. Ineffective Assistance of Counsel

**{¶5}** Casals was convicted of petty theft in violation of CCO 625.05(A)(1), which states that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * without the consent of the owner or person authorized to give consent."

**{¶6}** Crim.R. 29(A) provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶7}** In his first assignment of error, Casals contends that he was denied effective assistance of counsel because defense counsel did not make a Crim.R. 29 motion for

acquittal at the close of the city's case, even though the city had failed to prove the element of lack of consent on the part of the owner. Casals contends that the city never established that Cintron was the property owner or the agent or representative of Giant Eagle and, thus, it failed to prove that he lacked authorization or consent to remove the items from the store. Accordingly, he argues that his attorney was ineffective for not making a Crim.R. 29 motion for acquittal because the trial court would necessarily have granted the motion if it had been made.

{¶8} We find the city's evidence sufficient to demonstrate that Casals did not have the permission or consent of Giant Eagle to take items from the store without paying for them. "The prosecution is not compelled to prove that anyone who conceivably could have given consent did not do so." *Columbus v. Simmons*, 10th Dist. Franklin Nos. 79AP-135 and 79AP-136, 1979 Ohio App. LEXIS 10699, *6 (July 26, 1979). Rather, "[i]t is sufficient for the prosecution to prove circumstances from which it can be inferred beyond a reasonable doubt that the defendant obtained control over the property without the consent of the owner or anyone authorized to give consent." *Id. See also Fairfield v. Jones*, 12th Dist. Butler No. CA91-11-199, 1992 Ohio App. LEXIS 4808 (Sept. 21, 1992) (testimony of security officer that defendant took fishing equipment from a shelf in the store and left without paying for the item sufficient circumstantial evidence that defendant wrongfully exerted control over the item without the owner's consent despite lack of direct evidence regarding ownership and consent).

**{¶9}** This court has likewise held that the elements of theft are sufficiently proved if it can be inferred from the circumstances that the defendant obtained control of the merchandise without the consent of the owner. In *State v. Wagner,* 8th Dist. Cuyahoga No. 93432, 2010-Ohio-22221, ¶ 56, for example, this court held, despite direct evidence of lack of consent, that the trial court properly denied the defendant's Crim.R. 29 motion for acquittal where the state had presented evidence from two loss prevention employees that the defendant had picked up merchandise at the store, secreted it in bags, and then left the store without paying for it. Similarly, in *State v. Hughes*, 8th Dist. Cuyahoga No. 38429, 1979 Ohio App. LEXIS 12288 (Feb. 1, 1979), this court held that where the defendant's shoes contained broken glass and the store window was broken, and the defendant was observed carrying a cash register reported missing by the store owner, the jury could reasonably infer that defendant had committed theft. Likewise, in *State v. Mays*, 8th Dist. Cuyahoga No. 68255, 1995 Ohio App. LEXUS 4731 (Oct. 26, 1995), this court held that the defendant's conviction was supported by sufficient evidence where the evidence showed that the defendant, who had no money on his person, entered the grocery store, placed four cartons of cigarettes under his coat, and then entreated the security officer who stopped him to let him go. This court found that under these circumstances, "a reasonable trier of fact could find the appellant guilty of theft." *Id.* at *8.

**{¶10}** Here, even though there was no direct evidence of the lack of consent, the city proved circumstances from which Giant Eagle's lack of consent can be inferred

beyond a reasonable doubt. Cintron testified that she is employed by a company that provides security services to Giant Eagle. She said that her attention was drawn to Casals because "he was shoplifting." She testified that she followed him through the store as he placed merchandise from the shelves in Giant Eagle bags and that he then tried to leave the store without paying for the items. Given her testimony, it is reasonable to infer that Giant Eagle had possession and control of the items in its store and no one gave Casals consent to take them without paying for them. "[M]erchandise in a store is in the possession of that store until someone has paid for the merchandise." *State v. Jeantine*, 10th Dist. Franklin No. 09AP-296, 2009-Ohio-67875, ¶24, citing *State v. Anderson*, 11th Dist. Lake No. 7-129, 1979 Ohio App. LEXIS 9683 (Dec. 10, 1979).

{¶11} Because Cintron's testimony, if believed, was sufficient to establish all the essential elements of the offense of petty theft, including the element that Casals lacked authorization or consent to take the items from the store, the trial court would have denied any Crim.R. 29(A) motion for acquittal. Counsel will not be deemed ineffective for failing to make futile motions. *State v. Parra*, 8th Dist. Cuyahoga No. 95619, 2011-Ohio-3977, ¶ 78. Thus, Casals's counsel was not ineffective for failing to make a Crim.R. 29(A) motion for acquittal, and the first assignment of error is overruled.

B. Manifest Weight of the Evidence

{¶12} In his second assignment of error, Casals contends that his conviction was against the manifest weight of the evidence.

**{¶13}** "A manifest weight challenge * * * questions whether the prosecution met its burden of persuasion." *State v. Ponce*, 8th Dist. Cuyahoga No. 91329, 2010-Ohio-1741, ¶ 17, quoting *State v. Thomas*, 70 Ohio St.2d 79, 80, 434 N.E.2d 1356 (1982). The manifest-weight-of-the-evidence standard of review requires us to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Penque*, 8th Dist. Cuyahoga No. 99209, 2013-Ohio-4696, ¶ 49, citing *State v. Otten*, 33 Ohio App.3d 339, 515 N.E.2d 1009 (9th Dist.1986), paragraph one of the syllabus.

**{¶14}** Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial is reserved for only those "exceptional cases in which the evidence weighs heavily against the conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. This is not that exceptional case. Cintron testified that she watched Casals as he walked around Giant Eagle selecting items and putting them in Giant Eagle bags, and she watched him walk past all the cash registers and try to exit the store without paying for the items. And although Casals testified that he planned to pay for the items at the customer service desk, Cintron testified that Casals tried to leave the store through an exit that was not near the customer service desk. In reviewing the record and weighing the credibility of the witnesses, we find that the trial court did

not lose its way or create a manifest miscarriage of justice in convicting Casals of petty theft. The second assignment of error is therefore overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR