[Cite as *Cleveland v. Imrie*, 2021-Ohio-308.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109226 |
| v. | : | |
| JUSTIN H. IMRIE, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 4, 2021

Criminal Appeal from the Cleveland Municipal Court
Case No. 2018-CRB-003909

### *Appearances:*

Barbara A. Langhenry, Cleveland Director of Law, and Jonathan L. Cudnik, Assistant City Prosecutor, *for appellee*.

Ruth R. Fischbein-Cohen, *for appellant*.

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant, Justin Imrie ("Imrie"), appeals his conviction and sentence and asks this court to reverse and vacate both. We affirm.

{¶ 2} After a bench trial, Imrie was found guilty of voyeurism, a second-degree misdemeanor, in violation of R.C. 2907.08(B). The trial court sentenced

Imrie to a suspended sentence of 90 days in jail. The trial court also placed Imrie on five years of probation, ordered him to attend Alcoholics Anonymous, and required him to register as a Tier I sex offender.

## I. Facts and Procedural History

{¶ 3} On February 3, 2018, S. Farrier ("Farrier"), a security guard at The Archer apartments, walked into the women's restroom located in the lobby area after finishing one of her patrols. When Farrier entered one of the stalls, she noticed that the stall next to her was occupied. As Farrier undressed and sat to use the toilet, she observed a hand holding a cellphone, camera facing her, coming from beneath the stall next to her. Farrier began recording on her cellphone. After a few minutes, Farrier stood up on her toilet, looked over to the other stall, and asked if Imrie was recording her. Imrie walked out of the stall, but never answered the question.

{¶ 4} Farrier left the restroom, went to the concierge's desk and reported the incident. She also contacted the police and showed them the video. A Cleveland Police Department, Sex Crimes Unit detective was assigned to investigate the incident. After reviewing the video from Farrier's cellphone, the detective interviewed Imrie. In the recorded interview with police, Imrie stated that he was intoxicated and thought that he was in the men's restroom not the women's restroom. He also stated that he was using the restroom and was probably looking at his phone. The detective informed Imrie that his account differs from the victim's account. In fact, Farrier's video shows that Imrie's pant were up, and he was not

using the restroom as he told police. Imrie was charged with voyeurism and subsequently pleaded not guilty. A bench trial was held on August 20, 2018.

{¶ 5} During trial, Imrie stated that he was intoxicated and mistakenly fell asleep while sitting on the toilet in the women's restroom. He then stated that he slightly moved his shoulder because he was in pain. Then when he moved his shoulder, his cellphone was in his hand, and it may have appeared as if he was recording the person in the next stall. However, Farrier's video clearly shows that Imrie moved his cellphone, left and right, up and down, at the barrier of Farrier's stall and appeared to be recording her.

{¶ 6} At the conclusion of the bench trial, the trial court found Imrie guilty. Imrie was sentenced on October 25, 2019. Imrie thereafter filed this timely appeal, assigning the following errors for our review:

I. The indictment and conviction were against the sufficiency of the evidence and the manifest weight of the evidence; and

II. The case does not present a legal theory of criminal trespass into the ladies' restroom.

## II. Sufficient and Manifest Weight of the Evidence

### A. Standard of Review

{¶ 7} "A challenge to the sufficiency of the evidence supporting a conviction requires a determination of whether the state met its burden of production." *State v. Hunter*, 8th Dist. Cuyahoga No. 86048, 2006-Ohio-20, ¶ 41, citing *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997). When reviewing sufficiency of the evidence, an appellate court must determine "'whether, after

viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In a sufficiency inquiry, an appellate court does not assess whether the evidence is to be believed but whether, if believed, the evidence admitted at trial supported the conviction beyond a reasonable doubt. *State v. Starks*, 8th Dist. Cuyahoga No. 91682, 2009-Ohio-3375, ¶ 25; *Jenks* at paragraph two of the syllabus.

{¶ 8} "While the test for sufficiency requires a determination of whether the prosecution has met its burden of production at trial, a manifest weight challenge questions whether the prosecution has met its burden of persuasion." *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 13, citing *Thompkins* at 390. "When considering a manifest weight claim, a reviewing court must examine the entire record, weigh the evidence, and consider the credibility of witnesses." *Id.*, citing *State v. Thomas*, 70 Ohio St.2d 79, 80, 434 N.E.2d 1356 (1982).

{¶ 9} In reviewing the manifest weight of evidence, when there is a bench trial, we recognize that the trial court is serving as the factfinder:

> Accordingly, to warrant reversal from a bench trial under a manifest weight of the evidence claim, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.

*State v. Ferguson*, 8th Dist. Cuyahoga No. 108603, 2020-Ohio-3119, ¶ 22, quoting *State v. Bell*, 8th Dist. Cuyahoga No. 106842, 2019-Ohio-340, ¶ 41.

## B.    Law and Analysis

{¶ 10} In Imrie's first assignment of error, he first argues that the evidence was not sufficient to convict him of voyeurism. Imrie contends that he was intoxicated when he came into the apartment building mistakenly walking into the women's restroom. Imrie claims that he fell asleep on the toilet, which makes it impossible for him to commit the act of voyeurism because he could not sexually gratify himself while asleep.

{¶ 11} In order for the appellant to be convicted of voyeurism, the state had to prove beyond a reasonable doubt that Imrie, for the purpose of sexually arousing or gratifying himself, committed trespass or otherwise surreptitiously invaded the privacy of Farrier to videotape, film, photograph, or otherwise record Farrier in a state of nudity. *See* R.C. 2907.08(B).

{¶ 12} Farrier's recording demonstrates that once she undressed herself and sat on the toilet, Imrie moved his cellphone very close to her stall and began recording her. The video shows Imrie's cellphone moving left to right, up and down, then left to right in a slow, methodic motion. Imrie contends that he offered his cell phone to police to prove that there were no recordings of the alleged incident but they refused to examine his phone.

{¶ 13} During trial, the interviewing detective stated that he did not check Imrie's phone because it was almost two months between the date of the incident and the date of the interview, which would give Imrie plenty of time to erase the video. (Tr. 60-61.) Although the police did not look at Imrie's phone to see if a recording existed, Farrier's video presented sufficient direct evidence, corroborated by her testimony, of Imrie's act of voyeurism. In addition, this direct evidence is in direct contradiction to Imrie's testimony that he was asleep at the time of the incident.

{¶ 14} "Direct evidence exists when 'a witness testifies about a matter within the witness's personal knowledge such that the trier of fact is not required to draw an inference from the evidence to the proposition that it is offered to establish.'" *State v. Evans*, 8th Dist. Cuyahoga No. 108648, 2020-Ohio-3968, ¶ 37, quoting *State v. Cassano*, 8th Dist. Cuyahoga No. 97228, 2012-Ohio-4047, ¶ 13. Farrier's phone recording demonstrates that Imrie moved his phone at the barrier of her stall and appeared to record her as she used the restroom.

{¶ 15} Imrie also claims that the state did not prove that he was sexually aroused.

> As to the sexual arousal or gratification purpose element, courts have held that it "'may be inferred when there is no innocent, i.e., nonsexual, explanation for the offender's conduct.'" *State v. Goldblum*, 2d Dist. Montgomery No. 25851, 2014-Ohio-5068, ¶ 17, quoting *State v. Wilson*, 192 Ohio App.3d 189, 2011-Ohio-155, 948 N.E.2d 515, ¶ 47 (11th Dist.). *See also State v. Haldeman*, 2d Dist. Montgomery No. 18199, 2000 Ohio App. LEXIS 5409, 7 (Nov. 22, 2000) ("The fact that Defendant was neither in a state of undress nor had engaged in masturbation does not prevent a finding that his

purpose was sexual gratification or arousal, if that can rationally be inferred from other evidence presented.").

*State v. Banks*, 9th Dist. Medina No. 16CA0084-M, 2017-Ohio-8777, ¶ 15.

{¶ 16} Circumstantial evidence "is evidence that requires 'the drawing of inferences that are reasonably permitted by the evidence.'" *Evans* at ¶ 37, quoting *Cassano* at ¶ 13. "Circumstantial and direct evidence are of equal evidentiary value." *Id.* at ¶ 38, citing *State v. Santiago*, 8th Dist. Cuyahoga No. 95333, 2011-Ohio-1691, ¶ 12. "Circumstantial evidence is the proof of facts by direct evidence from which the trier of fact may infer or derive by reasoning other facts in accordance with the common experience of mankind." *State v. Hartman*, 8th Dist. Cuyahoga No. 90284, 2008-Ohio-3683, ¶ 37 citing *State v. Griesheimer*, 10th Dist. Franklin No. 05AP-1039, 2007-Ohio-837.

{¶ 17} Imrie's behavior of sitting on a toilet with his pants up, moving his cellphone towards Farrier's stall while she sat on the toilet with her pants down, and moving his cellphone back and forth under her stall is sufficient evidence surrounding the incident from which a purpose of sexual arousal or gratification could be inferred. Given Imrie's secretive tactics and unusual conduct, we conclude that the trier of fact could have reasonably inferred that his actions were done for the purpose of sexual arousal or gratification. *Id. See State v. Huffman*, 165 Ohio App.3d 518, 2006-Ohio-1106, 847 N.E.2d 58, ¶ 64 (1st Dist.).

{¶ 18} Additionally, "circumstantial evidence and direct evidence inherently possess the same probative value." *Hartman* at ¶ 37, citing *State v. Jenks*, 61 Ohio

St.3d 259, 574 N.E.2d 492 (1991), paragraph one of the syllabus. "The Ohio Supreme Court has 'long held that circumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *Cassano*, 8th Dist. Cuyahoga No. 97228, 2012-Ohio-4047, ¶ 13, quoting *State v. Heinish*, 50 Ohio St.3d 231, 238, 553 N.E.2d 1026 (1990).

{¶ 19} We find that the evidence presented was sufficient to support the elements of voyeurism.

{¶ 20} Imrie also contends that his conviction was against the manifest weight of the evidence because the facts presented were not believable. In an appellate court's review, we must look at the credibility of each witness, resolve conflicting evidence, and determine if the trial court lost its way in finding Imrie guilty. *Ferguson*, 8th Dist. Cuyahoga No. 108603, 2020-Ohio-3119, at ¶ 12.

{¶ 21} Imrie's testimony is that he fell asleep on the toilet due to being intoxicated. He also argues that his shoulder moved, which gave the appearance that he was moving his cellphone under the bathroom stall. However, during the police interview, Imrie stated that he had to use the restroom badly and went into the first restroom he saw, not knowing it was the women's restroom. He stated that while he was on the toilet, he could have been looking at his phone. Farrier's video clearly shows that Imrie was not asleep, as he testified. He was also not using the restroom because his pants were still up as he sat on the toilet. Farrier stated that once she undressed to use the restroom, she observed Imrie moving a cellphone

under her stall recording her. Farrier began recording Imrie's actions on her cellphone. The video evidence supports Farrier's testimony. We find that the trial court did not lose its way and create a manifest miscarriage of justice in finding Imrie guilty.

{¶ 22} Therefore, Imrie's first assignment of error is overruled.

## III.  Legal Theory of Criminal Trespass

{¶ 23} Imrie argues that the state did not provide a legal theory that he committed criminal trespass, which is an element of the crime of voyeurism, under R.C. 2907.08(B). Essentially Imrie is arguing that the evidence was not sufficient to convict him of voyeurism because he was intoxicated and could not have known that he was in the women's restroom. However, the state was not required to prove criminal trespass or that Imrie knew he was in the women's restroom.

{¶ 24} R.C. 2907.08(B) states, "[n]o person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another to videotape, film, photograph, or otherwise record the other person in a state of nudity." The statute states no person shall commit trespass *or* surreptitiously invade the privacy of another. "Surreptitious" is defined as "unauthorized and clandestine; done by stealth and without legitimate authority." *Banks*, 9th Dist. Medina No. 16CA0084-M, 2017-Ohio-8777, at ¶ 14, quoting *Black's Law Dictionary* (10th Ed.2014). Invasion of privacy occurs when there is a "wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a

person of ordinary sensibilities." *Acacia on the Green Condo. Assn. v. Gottlieb*, 8th Dist. Cuyahoga No. 92145, 2009-Ohio-4878, ¶ 60.

{¶ 25} Using the restroom in a stall is a private activity. Imrie's act of recording Farrier in the stall is a wrongful intrusion into her private activity. The state does not have to prove that Imrie committed criminal trespass. *See, e.g., Banks* at ¶ 14. All that is required is evidence, direct or circumstantial, that Imrie invaded the privacy of another to videotape the other person in a state of nudity.

{¶ 26} Imrie incorrectly argues that the state was required to prove that he knew he was in the women's restroom. The restroom that Imrie chose is not the issue. The pertinent issue is that Imrie, without authority, placed his cellphone in a position that caused him to record Farrier as she undressed and used the restroom. In other words, if Imrie used his cellphone to record another person in the men's restroom, he would still be guilty of voyeurism. By using his cellphone to record Farrier in the privacy of her restroom stall, we find that Imrie invaded her privacy.

{¶ 27} Therefore, Imrie's second assignment of error is overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR