[Cite as *State v. Fox*, 2014-Ohio-1652.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

       Plaintiff-Appellee

-vs-

TERRY FOX

       Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Patricia A. Delaney, J.

Case No. 13-CA-71

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Court of Common Pleas Court, Case No. 13 CR 00018 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 16, 2014 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| KENNETH W. OSWALT<br>Licking County Prosecutor<br><br>By: CHRISTOPHER A. REAMER<br>Assistant Prosecuting Attorney<br>20 S. Second Street, Fourth Floor<br>Newark, Ohio 43055 | STEPHEN T. WOLFE<br>Christopher M. Cooper Co., LPA<br>3055 Cleveland Ave.<br>Columbus, Ohio 43224 |

*Hoffman, P.J.*

{¶1} Defendant-appellant Terry Fox appeals his conviction and sentence entered by the Licking County Court of Common Pleas, on one count of gross sexual imposition and one count of intimidation of witness in criminal case. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On January 11, 2013, The Licking County Grand Jury indicted Appellant on one count of gross sexual imposition, in violation of R.C. 2907,05(A)(4), a felony of the third degree; and one count of intimidation of witness in criminal case, in violation of R.C. 2921.04(B)(2), a felony of the third degree. Appellant entered a plea of not guilty to the Indictment. The matter proceeded to jury trial on June 11-12, 2013.

{¶3} The following evidence was adduced at trial.

{¶4} Chasity Miller is the mother of A.M., the victim. Miller explained her daughter is ten years old and is "mentally retarded." A.M. has difficulty verbally communicating and is in a multi-handicapped classroom in school. Miller testified her mother, Kay Spires, lives nearby. Miller added Appellant and Spires have been in a relationship for nine years and Appellant lived with Spires.

{¶5} One Sunday in December, 2012, Miller, her husband, and four children went to Spires' home to have dinner and watch football. Appellant and A.M. were alone in a bedroom on two or three occasions during the afternoon.

{¶6} While on the telephone with Spires on or about New Year's Day, 2013, Miller heard Appellant in the background remarking A.M. "wanted it" and A.M. loves him. Miller also heard Appellant tell Spires A.M. had grabbed his hand and put it between her

(A.M.'s) legs.  After the telephone call ended, Miller took A.M. into the bathroom and asked her if anyone had ever touched her.   Miller described A.M.'s reaction to the question as sad, scared, and confused.   Miller asked A.M. a second time if anyone had ever touched her.   A.M. responded, "Yes", stated Appellant had touched her, and pointed to her vaginal area.  Miller subsequently contacted the police.

{¶7}   Kay Spires testified Appellant had lived with her for three or four years. Spires indicated Miller's children, including A.M., thought of Appellant as their grandfather.   Spires recalled she telephoned Miller to wish her "Happy New Year." While she was on the phone, Appellant told her A.M. had grabbed his hand and placed it between her (A.M.'s) legs, and A.M. wanted it.   Spires admitted she still loves Appellant.  After reviewing the statement she made to police on January 2, 2013, Spires acknowledged she told police Appellant had threatened to kill her if she opened her mouth, but added she was drunk and would have said anything.  Spires acknowledged she told police Appellant had told her he had rubbed A.M.'s vagina, but insisted Appellant never made such an admission to her.

{¶8}   Catherine R. Wohlford, a certified nurse practitioner, testified she specializes in pediatrics, and diagnoses sexual abuse.   Wohlford recalled in early January, 2013, she examined A.M.   Wohlford indicated A.M. was able to properly identify her body parts.  A.M. told Wohlford Appellant had touched her on her bad area. Using a nude anatomical drawing of a prepubescent female, A.M. identified her bad area as the vaginal area.

{¶9}   Detective Clint Eskins of the Newark Police was assigned to investigate the case.  Appellant told Det. Eskins A.M. had grabbed his hand and placed it between

her legs in the crotch area. Det. Eskins stated Appellant became extremely nervous when he realized that police were speaking with Spires outside of his presence.

{¶10} After hearing all the evidence and deliberating, the jury found Appellant guilty of both counts of the Indictment. The trial court sentenced Appellant to an aggregate term of imprisonment of six (6) years and classified him a Tier II sexual offender.

{¶11} It is from this conviction and sentence Appellant appeals, raising the following assignments of error:

{¶12} "I. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT THE CONVICTIONS.

{¶13} "II. THE JURY'S VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶14} "III. THE COURT ERRED WHEN IT PERMITTED THE INTRODUCTION OF IMPERMISSIBLE HEARSAY EVIDENCE.

{¶15} "IV. THE APPELLANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL."

I, IV

{¶16} Because Appellant's first and fourth assignments of error require similar analysis, we shall address them together. In his first assignment of error, Appellant contends his convictions were not supported by the sufficiency of the evidence. In his fourth assignment of error, Appellant asserts trial counsel was ineffective for failing to make a Crim. R. 29 motion for acquittal.

**{¶17}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus.

**{¶18}** In reviewing the legal sufficiency of the evidence to support a verdict by the trier of fact, it is the mind of the trier of fact, rather than the reviewing court, that must be convinced. *State v. Thomas,* 70 Ohio St.2d 79, 434 N.E.2d 1356 (1982). In applying this standard of review, the question of credibility of conflicting testimony and the weight to be accorded certain evidence are matters left primarily to the trier of fact. *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).

**{¶19}** A reviewing court should not disturb the decision below unless it finds that reasonable minds could not reach the conclusion reached by the trier of fact. *Jenks, supra,* 61 Ohio St.3d at 273.

**{¶20}** An appellate court reviews a trial court's denial of a Crim.R. 29 motion for acquittal using the same standard used for reviewing a sufficiency of the evidence claim. *State v. Barron,* 5th Dist. Perry No. 05 CA 4, 2005–Ohio–6108, ¶ 38.

**{¶21}** To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such

claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'." *Id.* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158 (1955). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶22} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶23} Appellant was convicted of gross sexual imposition, in violation of R.C. 2907.05, which reads:

(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

* * *

(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

* * *

(B) No person shall knowingly touch the genitalia of another, when the touching is not through clothing, the other person is less than twelve years of age, whether or not the offender knows the age of that person, and the touching is done with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."

{¶24} R.C. 2907.01(B) defines "sexual contact" as follows:

(B) "Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.

{¶25} Appellant argues the State failed to prove he purposefully engaged in sexual contact with A.M. Specifically, Appellant claims he did not act purposefully as A.M. initiated the contact by placing his hand in her lap, and the direct evidence did not establish the touching was done for sexual gratification. Appellant maintains the only evidence of touching was that of his hand on A.M.'s lap as the result of A.M. placing it there. We disagree.

{¶26} A.M. told Wohlford, the nurse practitioner, someone touched her bad area, and, on an anatomical drawing, indicated her bad area was her vaginal area. A.M. indentified Appellant as the individual who touched her. Further, although she tried to discredit it at trial, in her statement to police, Spires indicated Appellant admitted he had rubbed around A.M.'s vagina. Additionally, when speaking with Spires on the

telephone, Miller heard Appellant yelling A.M. "wanted it". A.M. was ten years old at the time and she has developmental disabilities.

**{¶27}** "While the purpose of sexual arousal or gratification is an essential element of the offense of gross sexual imposition, there is no requirement that there be direct testimony regarding sexual arousal or gratification. * * * In determining the defendant's purpose, the trier of fact may infer what the defendant's motivation was in making the physical contact with the victim. *State v. Smith*, 5th Dist. App. No. 2008CA00097, 1009-Ohio-1759 at para. 45. (Citations omitted.)

**{¶28}** After reviewing the evidence in a light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of gross sexual imposition proven beyond a reasonable doubt. Accordingly, we overrule Appellant's first assignment of error as it relates to the GSI conviction. Because there was sufficient evidence to support the gross sexual imposition conviction, Appellant cannot demonstrate any prejudice from trial counsel's failure to raise a Crim.R. 29 motion for acquittal; therefore, cannot demonstrate ineffective assistance of counsel. We overrule Appellant's fourth assignment of error as it relates to the GSI conviction.

**{¶29}** Within his first and fourth assignments of error, Appellant also challenges the sufficiency of the evidence with respect to his conviction for intimidation as well as the effectiveness of trial counsel for not making a Crim. R. 29 motion for acquittal of the charge.

**{¶30}** R.C. 2921.04(B)(2) provides:

(B) No person, knowingly and by force or by unlawful threat of harm

to any person or property or by unlawful threat to commit any offense or

calumny against any person, shall attempt to influence, intimidate, or hinder any of the following persons: * * *

> (2) A witness to a criminal or delinquent act by reason of the person being a witness to that act.

**{¶31}** Appellant maintains he could not be convicted of intimidation of a witness because Spires was not a witness to the alleged offense as she did not see what occurred between himself and A.M. Appellant's assertion has no merit.

**{¶32}** As used in R.C. 2921.04(E), the term "witness" means "any person who has or claims to have knowledge concerning a fact or facts concerning a criminal or delinquent act, whether or not criminal or delinquent child charges are actually filed." Appellant further submits because Spires was intoxicated when she gave her statement to police and she was the sole witness to the alleged intimidation, there was insufficient evidence to support the conviction. Spires' alleged intoxication goes to her credibility, not her competency to be a witness. Spires clearly was a witness with respect to Appellant's statements regarding his contact with A.M.

**{¶33}** After reviewing the evidence in a light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of intimidation proven beyond a reasonable doubt. Accordingly, we overrule Appellant's first assignment of error as it relates to the intimidation conviction. Because there was sufficient evidence to support the intimidation conviction, Appellant cannot demonstrate any prejudice from trial counsel's failure to raise a Crim.R. 29 motion for acquittal; therefore, cannot demonstrate ineffective assistance of counsel. We overrule Appellant's fourth assignment of error as it relates to the intimidation conviction.

**{¶34}** Appellant's first and fourth assignments of error are overruled.

II

**{¶35}** In his second assignment of error, Appellant challenges his convictions as being against the manifest weight of the evidence.

**{¶36}** On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.

**{¶37}** Appellant's arguments in support of his position his convictions were against the manifest weight of the evidence are the same as those raised in support of his arguments his convictions were not based upon sufficient evidence as set forth in Assignment of Error I.

**{¶38}** With respect to his conviction for gross sexual imposition, Appellant contends such was against the manifest weight of the evidence as the evidence the State presented did not establish he purposefully engaged in sexual conduct with A.M. As discussed, supra, the evidence established A.M. told the nurse practitioner Appellant

had touched her bad area, which she (A.M.) indicated was her vaginal area. Further, in her statement to police, Spires admitted Appellant divulged he had rubbed around A.M.'s vagina. Additionally, when speaking with Spires on the telephone, Miller heard Appellant yelling A.M. "wanted it". A.M. was ten years old at the time and she has developmental disabilities.

{¶39} With respect to his conviction for intimidation of a witness, Appellant asserts such was against the manifest weight of the evidence because Spires was not a witness to the alleged offense as she did not see what occurred, and Spires was not believable because she was intoxicated when she gave her statement to police. Spires told police that Appellant disclosed he had rubbed A.M.'s vagina. At trial, she tried to backpedal from the statement. The jury, as the trier of fact, was free to accept or reject any or all of the testimony of the witness. The jury obviously chose to believe the statements Spires made to police following the incident.

{¶40} Upon review of the entire record, including the transcript, we find Appellant's convictions were not against the manifest weight of the evidence.

{¶41} Appellant's second assignment of error is overruled.

III

{¶42} In his third assignment of error, Appellant argues the trial court erred when it permitted the introduction of inadmissible hearsay evidence. Specifically, Appellant takes issue with the testimony of Chasity Miller regarding statements made by A.M. after Miller learned of the incident which gave rise to the GSI charge.

{¶43} "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter

asserted. Evid.R. 801(C). Evid.R. 802 contains the general prohibition against the admission of hearsay. However, exceptions to this general prohibition are enumerated in Evid.R. 803.

**{¶44}** The State takes the position the statements were admissible hearsay under the excited utterances exception. Excited utterance is defined in Evid.R. 803(2) as, "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

**{¶45}** There was a considerable gap in time between the occurrence of the sexual contact and A.M.'s revelation of the event upon her being questioned by Miller. While A.M. was obviously under stress at the time of the revelation, it was not while she was still under the stress or excitement from the original event. However, the possibility of unreliability due to the passage of time is lessened in this case due to the fact the victim is a ten-year old with mental retardation.

**{¶46}** Assuming, arguendo, the trial court erred in admitting these statements under the "excited utterance" exception to the hearsay rule, we find any error is harmless. We find Appellant was not prejudiced by the admission of the evidence as there was ample testimony from the other witnesses to support the jury verdict.

**{¶47}** Appellant's third assignment of error is overruled.

{¶48} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur